## KEAN v. BAILEY et al.

### No. 162.

United States District Court
D. Minnesota, Fifth Division.

Jan. 28, 1949.

Clarence W. Heyl, of Peoria, Ill., and Roy J. Mordaunt, of Minneapolis, Minn., for plaintiff.

George W. Colburn (of Burke & Colburn), of Minneapolis, Minn., for respondent Vincent A. Hurley.

James B. Lund, of St. Paul, Minn., for respondent Howard P. Christensen.

Mandt Torrison, of St. Paul, Minn., and Thomas O. Kachelmacher, of Minneapolis, Minn., for respondent Vane L. Jackson.

NORDBYE, Chief Judge.

Plaintiff has succeeded to the title of a large tract of land in northern Minnesota commonly known as the "Joyce Estate." On May 11, 1925, on a petition of plaintiff's father alleging diversity of citizenship between him and the named defendants, this Court enjoined "Dick Bailey and E. Gonsolin, and each of them, * * * and all other persons whomsoever, from and after the time they severally receive notice or knowledge of this decree and issuance of the injunction pursuant thereto" from hunting or going upon the land comprising this estate or aiding others to do so or removing or injuring any animal on said property. Later, the decree was amended by adding certain parcels of land to it and substituting the present plaintiff as plaintiff herein.

On November 17, 1947, Vincent A. Hurley, Howard P. Christensen, and Vane L. Jackson were found on the estate with hunting equipment. Plaintiff now brings contempt proceedings against them, alleging that they have violated the injunction, and asks the Court to punish them for contempt. Plaintiff alleges, and respondents do not dispute, that placed along the boundary of the property were large signs which forbade trespassing and which informed all readers of the federal injunction against all persons who had notice of it. But respondents deny that they read the signs prior to their alleged trespass and deny that they had any knowledge of the decree of injunction. And respondents point out, and plaintiff does not deny, that none of the respondents to this contempt action were named parties to the original injunction proceedings, and none were served personally with any legal processes with respect to those proceedings. When they allegedly violated the injunction, these respondents were not acting in concert with the named defendants. They were acting independently. They were in no way associated, connected, or even acquainted with the named defendants, and it is not contended that any privy existed between the respondents and the defendants named in the original proceedings.

Respondents contend, therefore, among other things, that the Court lacked both the right and the power to include within the injunction all persons who receive notice of the decree, and that therefore the injunctive order does not apply to these respondents. Plaintiff contends that this Court acted within its rights and powers when including such a broad provision in the injunction. That jurisdictional question, therefore, becomes the first issue for determination.

In Chase National Bank v. Norwalk, 1933, 291 U.S. 431, 54 S.Ct. 475, 477, 78 L.Ed. 894, the trial court had enjoined the City of Norwalk, its officers, agents, and employees and "all persons to whom notice of the order of injunction should come * * *." No one except the named defendant was served with process. No others appeared before the court. In reversing, the Supreme Court held, 291 U.S. at page 437, 54 S.Ct. 475, that the inclusion of the quoted provision was error. The court said, 291 U.S. at pages 436, 437, 54 S.Ct. at page 477: "* * * the decree entered by the District Court was clearly erroneous in so far as it enjoined 'all persons to whom notice of the order of injunction should come from taking any steps or action of any kind to cause the enforcement of the ouster in the state court.' The city alone was named as defendant. No person other than the city was served with process. None came otherwise before the court. The prayer of the bill sought relief solely against the city and 'its officers, officials, agents, employees and representatives.' It is true that persons not technically agents or employees may be specifically enjoined from knowingly aiding a defendant in performing a prohibited act if their relation is that of associate or confederate. Since such persons are legally identified with the defendant and privy to his contempt, the provision merely makes explicit as to them that which the law already implies. See Ex parte Lennon, 166 U.S. 548, 17 S.Ct. 658, 41 L.Ed. 1110. But by extending the injunction to 'all persons to whom notice of the injunction should come,' the District Court assumed to make punishable as a contempt the conduct of persons who act inde-

pendently and whose rights have not been adjudged according to law. See Alemite Mfg. Co. v. Staff, 2 Cir., 42 F.2d 832. * * * To subject them to such peril violates established principles of equity jurisdiction and procedure. Scott v. Donald, 165 U.S. 107, 117, 17 S.Ct. 262, 41 L.Ed. 648; Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234, 38 S.Ct. 65, 62 L.Ed. 260, L.R.A. 1918C, 497, Ann.Cas. 1918B, 461. Those principles require that the clause be limited to confederates or associates of the defendant."

In Alemite Mfg. Co. v. Staff, 2 Cir. 42 F.2d 832, at pages 832, 833, a contempt case which the Supreme Court cited in Chase National Bank v. Norwalk, supra, in support of its conclusion that the rights of·the persons included within the injunction's broad provision had not been adjudged according to law, Judge Learned Hand said for a unanimous court,

"* * * no court can make a decree which will bind any one but a party; a court of equity is as much so limited as a court of law; it cannot lawfully enjoin the world at large, no matter how broadly it words its decree. If it assumes to do so, the decree is pro tanto brutum fulmen, and the persons·enjoined are free to ignore it. It is not vested with sovereign powers to declare conduct unlawful; its jurisdiction is limited to those over whom it gets personal service, and who therefore can have their day in court. Thus, the only occasion when a person not a party may be punished, is when he has helped to bring about, not merely what the decree has forbidden, because it may have gone too far, but what it has power to forbid, an act of a party. * * *

"This * * * goes deep into the powers of a court of equity. Upon proceedings to punish for contempt, the propriety of the decree is not open, even though it be founded upon an unconditional statute. Howat v. Kansas, 258 U.S. 181, 42 S.Ct. 277, 66 L.Ed. 550. The respondent may only deny any knowledge of the decree, or that his act was within it. The unlawfulness of his conduct has been determined, and, if he has not been a party and has had no day in court, he is condemned without hearing. It is by ignoring such procedural limitations

that the injunction of a court of equity may by slow steps be made to realize the worst fears of those who are jealous of its prerogative."

See, also, Regal Knitwear Co. v. N.L.R.B., 324 U.S. 9, at page 13, 65 S.Ct. 478, 89 L.Ed. 661.

From the teachings and principles enunciated in these cases it must follow that this Court neither has the right nor the power to issue an injunction against the public at large. The Court's jurisdiction can only extend to those who are named parties and to those who aided and abetted the original defendants, or are legally identified·with them in doing that which the decree forbids. By the terms of the decree, the respondents never fulfilled the requirement of being parties until they were alleged to have been informed of the injunction by reason of the posted signs on the property. The condition precedent to becoming parties is alleged to have taken place some 22 years after the injunction was issued. It is not claimed that this Court obtained any jurisdiction before that alleged incident. When these proceedings were commenced in the year 1925, no proper service was made upon these respondents by personal service, publication, or otherwise, and no service was made upon any one in privy with them. It seems obvious, therefore, that proper service is lacking to vest this Court with jurisdiction so as to bind them by any injunctive order that it may have issued. To contend that an injunction could restrain and bind personally as original parties to the original injunction these respondents, who could not become bound or actually become parties until they obtained knowledge of the injunction, emphasizes the fallacy of plaintiff's position in urging that this Court has jurisdiction over these parties, and establishes the fictitiousness of the unnamed parties who are said to be within the purview of the phrase "and all other parties whomsoever." Neither the respondents nor any one in privy with them have ever had their day. in court as to the propriety of any injunction being issued against them. Therefore, for this Court to hold that one's rights may be determined without a reasonable opportunity for a hearing without valid service would violate

263

one of the basic rights guaranteed by the Constitution. Grannis v. Ordean, 234 U.S. 385, 389, at page 394, 34 S.Ct. 779, 58 L.Ed. 1363.

▋ Under all the facts of this case and the legal authority cited, this Court must conclude that it lacked the power to include these respondents or the world within the injunction. Proper service upon them was lacking and they were not sufficiently made parties to the injunction. Plaintiff cites numerous cases in support of her position. But the cases are distinguishable. In United States v. United Mine Workers and Lewis, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884, defendants were parties to the injunction, proper service was made, and an opportunity to defend against the injunction was given. So the court there possessed jurisdiction over the person in the injunction suit. In the instant case, however, the Court in the injunction suit lacked jurisdiction over the persons of the respondents. The question in the instant contempt is one of jurisdiction, not merits as to the injunctive action.

Huttig Sash & Door Co. v. Fuelle, C. C., 143 F. 363; Puget Sound Traction Light & Power Co. v. Lawrey, D. C., 202 F. 263; Pope Motor Car Co. v. Keegan, C. C., 150 F. 148; N.L.R.B. v. Blackstone Mfg. Co., 2 Cir., 123 F.2d 633; and Ex parte Lennon, 166 U.S. 548, 17 S.Ct. 658, 41 L.Ed. 1110, all involved situations in which the allegedly contemptuous defendant was an employee or successor or assignee of, or a conspirator with, the enjoined defendant. The Supreme Court recognized in the Norwalk case, supra, that such persons were sufficiently privy to the enjoined defendant to be included within the terms of the injunction and therefore were punishable for contempt as a party. The respondents here do not fall into the categories with which those cases dealt. Hill v. United States, 8 Cir., 33 F.2d 489, is distinguishable upon a similar basis. The rights therein involved were really adjudicated in the injunction proceedings by representation.

In re Reese, 8 Cir., 1901, 107 F. 942, does not hold that persons not parties to the injunction can be held in contempt of the injunction for acts contrary to its terms but performed of their own independent will and volition. In fact, it necessarily assumes the contrary, for the case affirms the lower court which granted habeas corpus and discharged a defendant convicted of contempt of an injunction to which he admittedly was not a party, and the terms of which he violated of his own independent will. The court held that the complainant in the contempt proceedings should have sought a contempt order on the ground that the defendant continuously affronted the dignity of the court, and not on the ground that he violated the order to which he was not a party.

Chisolm v. Caines, C. C. 121 F. 397, relied upon strongly by plaintiff, involved an injunction which included "all persons whomsoever trespassing" on certain marshes. Likewise, the defendant in those contempt proceedings was not named a specific party to the injunction proceedings. And he was not served personally, but knew of the injunction from signs posted on the property. He was found guilty of contempt of court, although he was not in conspiracy or participation with the defendants named specifically in the injunction. But he was not found guilty of violating the injunction, as plaintiff here charges the respondents. He was found guilty of being contemptuous of the dignity of the court by interfering with the purposes of the court's injunction. That is, he was not prosecuted for contempt of the injunction. He was prosecuted for being contemptuous of the court's decree (of which he had knowledge) by thwarting the purposes for which the court made the order. The broad words to which plaintiff points were held applicable only to those conspiring with the wrongdoer who was a party to the injunction. Plaintiff here complains upon the injunction to which she alleges these respondents were parties, not upon a complaint seeking contempt adjudications for their contempt of an order to which they were not parties. Consequently, contempt cannot be based upon the latter premise even if it existed. In re Reese, supra. Chisolm v. Caines, supra, therefore, is not determinative of this case or persuasive. If it did sustain plaintiff here, it would be contrary to the decision and implications of the United States Supreme Court's holding in the Norwalk case and

contrary to the basic principles of jurisdiction which this Court must recognize and apply.

Moreover, even if the plaintiff could charge contempt based upon violation of an injunction and then prove, as in Chisolm v. Caines, a contempt by showing that the respondents were contemptuous of the court by intentionally thwarting, by their independent action, the court's decree, to which they were not parties, she could not succeed here. Section 383 of 28 U.S.C.A., which is now·repealed but which was in effect when the injunction was issued, and Rule 65(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A., which is in effect now, provide that an injunction is and was binding only upon the parties to the suit, their officers, agents, servants, employees, and attorneys and persons in active participation or concert with them who receive actual notice of the order by personal service or otherwise.

It is conceded that these respondents did not act in concert or participate with the named defendants, Bailey and Gonsolin. Neither were they agents, servants or employees of the defendants. The statute and Rule 65(d) deny to the Court the right to issue an injunction which is binding upon any one except those within the purview of the limitations indicated in their provisions. And, as stated by Judge Learned Hand in the Alemite Manufacturing Company case, supra, when such a decree seeks to bind "all persons whomsoever," they are "free to ignore it", and "the decree is pro tanto brutum fulmen". It seems clear, therefore, that under the circumstances herein one cannot be found guilty of conduct which is contemptuous of the Court's authority when the Court has obtained no jurisdiction of the parties who are alleged to have flouted its authority, and particularly when the statute or rule under which the Court proceeds denies to it the authority as to which the contumacious conduct is alleged to have been directed. Section 383, Title 28, U.S.C.A., does, as plaintiff contends, state the common law. N.L.R.B. v. Blackstone Mfg. Co., 2 Cir., 123 F.2d 633. But no common law decisions support plaintiff's claim or change the scope of the statute or rule. The cases already cited oppose plaintiff's contention. In the Blackstone Manufacturing Company case itself, Judge Learned Hand said, at page 635 of 123 F.2d, that the court, by permitting the words "successors and assigns" to remain in the injunction, did not intend to hold that a "successor" or "assign" would be in contempt of the order even if, after notice of the order, but without participating with the named enjoined defendant in disobedience of the order, the "successor" or "assign" did exactly the thing which the order forbade. In other words, one who acted in a capacity independent from the injunction would not be violating that order.

Upon these premises, this Court necessarily must conclude that respondents are not in contempt of court. The Court had neither the right nor the power to issue an injunction against them in the terms which it did. And no evidence of their acting in concert with the named defendants or participating with them appears. In view of these conclusions, other contentions by plaintiff as to knowledge, intent, etc., need not be considered. Therefore,

It Is Ordered: That the order issued by this Court on April 23, 1948, requiring Vincent A. Hurley, Howard P. Christensen, and Vane L. Jackson to show cause why they should not be held in contempt of court is discharged, and the petition upon which said order was issued is hereby dismissed with costs to the respondents.

An exception is allowed.