STATE EX REL. RANDALL LaMERE AND OTHERS v. JACK YOUNG AND ANOTHER.

192 N. W. (2d) 186.

November 12, 1971—No. 42695.

*Legal Rights Center, Inc., Douglas Hall,* and *David P. Murrin,* for appellants.

*Warren Spannaus,* Attorney General, *John M. Mason,* Solicitor General, and *Theodore N. May,* Special Assistant Attorney General, for respondent warden.

PER CURIAM.

Appeal from an order granting a motion to dismiss contempt proceedings. Petitioners are inmates of the State Prison at Stillwater. Respondents are Jack Young, warden of the State Prison, and John E. Jansen, Jr., county attorney of Washington County, in which the prison is situated.

These proceedings, instituted in 1970, are based on an alleged violation by Warden Young of an order of the court issued March 7, 1967, in a different action, by which the then warden, Ralph H. Tahash, was ordered not to use chemical mace in inflicting corporal punishment upon the inmate involved in that proceeding. Petitioners contend that mace was used upon them by their custodians in August 1969 and that, as a result of such action, the warden should be punished for contempt because the acts of his subordinates in 1969 were in violation of the 1967 order which affected the prior warden.

Both the order in the previous action against Warden Tahash and the order dismissing the proceedings against Warden Young were issued by the same court. In his memorandum in the latter action, the trial court observed that "no Summons and Complaint, verified petition or writ has been filed or served in the instant matter and accordingly there is nothing before the Court over which we now have jurisdiction." With respect to the applicability of the 1967 order, the court expressed the view that its order in the prior action was "based on the facts of that case alone and is not an absolute prohibition against the use of chemicals or tear gas in the maintaining of order and discipline at the Minnesota State Prison."

Because the proceedings before us are not appropriate to secure the relief demanded, it is not necessary to discuss the merits of the case. If petitioners have, in fact, sustained damage or have been denied rights, the law affords a proper remedy which they may pursue. It is sufficient to say that the parties to this proceeding are not the same as those involved in the prior action. It is our view that contempt proceedings under Minn. St. 588.01, subd. 3(3), are not appropriate when based upon violation of a prior order of the court in an entirely different ac-

tion between different parties. Kean v. Bailey, 82 F. Supp. 260 (D. Minn. 1949), affirmed, 179 F. 2d 888 (8 Cir. 1950).

It is also contended that the trial court erred in denying appointment of petitioners' attorney as a special prosecutor to prosecute the proposed contempt action. This point may be disposed of by noting that we have held that the private attorney of one of the parties to the proceedings out of which the alleged contempt arose has no status which authorizes him to prosecute, and since the offense is one against the state, prosecution should be conducted by an attorney for the state. Peterson v. Peterson, 278 Minn. 275, 153 N. W. 2d 825 (1967).

Affirmed.