**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**SIMPLEX TIME RECORDER COMPANY, Respondent.**

No. 7093.

United States Court of Appeals
First Circuit.

Heard Sept. 10, 1968.

Decided Oct. 18, 1968.

Warren M. Davison, Washington, D. C., Atty., with whom Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Elliott Moore and Fred R. Kimmel, Washington, D. C., Attys., were on brief, for petitioner.

John W. Morgan, Boston, Mass., with whom Harold N. Mack and Morgan, Brown, Kearns & Joy, Boston, Mass., were on brief, for respondent.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

■ This is a petition for enforcement of a National Labor Relations Board order. The respondent Simplex Time Recorder Company was found by a trial examiner to have interfered with union organizing in violation of section 8(a) (1) of the National Labor Rela-tions Act. From the trial examiner's report and recommended order respondent took 37 exceptions. All were overruled by the Board. 165 N.L.R.B. No. 101 (1967). Of the objections still pressed only those relating to the form of the order deserve articulated consideration. We have reviewed the record in detail. The findings were warranted; indeed, some were so clearly supported that we regard respondent's contentions to the contrary as frivolous.[1]

■ A problem is presented, however, by the breadth of the order, particularly by paragraph 1(f), which forbids conduct, "[c]onveying to employees the impression that Union activities are under surveillance."[2] On its face this includes all acts of any nature if they produce the forbidden result, that is, create among the employees the impression of surveillance.[3] The order is thus almost identically the one held improperly broad in NLRB v. United Wire & Supply Corp., 1 Cir., 1962, 312 F.2d 11. The Board asks us to reconsider that decision.

■■ Whenever an order is not in terms restricted to the actions previously found two questions may arise: is the order too broad in substance, that is, specifying matters beyond the power of the Board to forbid; is it too broad in form, that is, not clear in what it

---

1. The time of the Board was taken up with additional improper objections. For example, respondent complained that the examiner's findings of anti-union animus, even if warranted, were legally irrelevant. Nothing could be more misguided. One of the principal points at issue was whether certain conduct of the respondent, some of which was memorialized by respondent itself in photographs, was intended to discourage union activity. Evidentiary findings of an anti-union motivation may be essential to determining an 8(a) (1) violation when the company alleges a proper business purpose. NLRB v. Brown, 1965, 380 U.S. 278, 286, 85 S.Ct. 980, 13 L.Ed.2d 839. Indeed, our case of NLRB v. United Wire & Supply Corp., 1 Cir., 1962, 312 F.2d 11, upon which respondent principally relies in another connection, openly takes this matter for granted. See also, NLRB v. United Parcel Service, Inc., 1 Cir., 1963, 317 F.2d 912; NLRB v. Dan River Mills, Inc., 5 Cir. 1960, 274 F.2d 381, 384.

2. Respondent objects also to paragraph 1(a), ordering respondent to cease "[c]reating among employees an atmosphere of the futility of self-organization." This raises no additional question.

3. We do not accept the suggestion that paragraph 1(g), forbidding "[i]n any other like or related manner interfering with, restraining or coercing employees in the exercise of their rights under section 7 of the Act," limits paragraph 1(f) to acts similar to those already found to create the impression of surveillance.

proscribes.[4] We did not question the substance of the prohibition in *United Wire,* and we do not now. Of course, the fact that an employer has committed one violation of the Act does not empower the Board to enjoin any and all future violations of any character; the order must be limited to similar and therefore foreseeable misconduct. NLRB v. Express Pub. Co., 1941, 312 U.S. 426, 437, 61 S.Ct. 693, 85 L.Ed. 930. However, respondent would apply the limitation of similarity too strictly. The misconduct in the case at bar was not in the exact means employed, but in the nature of the consequences. The Board is not compelled to allow respondent to reach the same illegal end by a succession of varying devices. International Brotherhood of Electrical Workers, Local 501 v. NLRB, 1951, 341 U.S. 694, 71 S.Ct. 954, 95 L.Ed. 1299.

 What primarily concerned us in *United Wire* was that "creating the impression of surveillance" was so nebulous that an employer would not know what conduct was embraced and, through lack of knowledge, find itself in difficulties. The Board now tells us that we were unduly apprehensive; that we, and the employer, should count on it not to be unreasonable in citing a person for contempt. Assuming the order is in fact nebulous, this argument means that the Board asks for despotic powers on the ground that it is benevolent. This is not the principle; a party, and the court as well, must be able to rely on the order itself. Regal Knitwear Co., v. NLRB, 1945, 324 U.S. 9, 65 S.Ct. 478, 89 L.Ed. 661; J. I. Case Co. v. NLRB, 1944, 321 U.S. 332, 341, 64 S.Ct. 576, 88 L.Ed. 762; Fed.R.Civ.P. 65(d); accord International Longshoremen's Ass'n, Local 1291 v. Philadelphia Marine Trade Ass'n, 1967, 389 U.S. 64, 88 S.Ct. 201, 19 L.Ed.2d 236. Nevertheless, clear as we are as to the principle, we are not so certain now as we were in *United Wire* that this particular order is deficient.

Standards of section 8(a) (1) misconduct have been pretty generally defined. E. g., NLRB v. Brown, 1965, 380 U.S. 278, 286, 85 S.Ct. 980, 13 L.Ed.2d 839; NLRB v. Exchange Parts Co., 1964, 375 U.S. 405, 84 S.Ct. 457, 11 L.Ed.2d 435; NLRB v. Prince Macaroni Mfg. Co., 1 Cir., 1964, 329 F.2d 803. Understood, they inform the employer that creating "an impression of surveillance" means wilful conduct and a justifiable impression. Cf. Hendrix Mfg. Co. v. NLRB, 5 Cir., 1963, 321 F.2d 100. So interpreted we conclude the order satisfies the objections we made in *United Wire* and places no undue burden on respondent. Indeed, we are disposed to regard its expressed apprehension that this order will lead to the taking of extreme positions by the Board as impermissible characterization of the kettle's color by the pot. See n. 1, supra.

The Board's order will ·be enforced.

---

4. Whether the distinction between substance and form is a precise one, cf. Guaranty Trust Co. of New York v.

York, 1945, 326 U.S. 99, 108, 65 S.Ct. 1464, 84 L.Ed. 2079, 160 A.L.R. 1231, is not a matter of moment here.