**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**KINGWOOD MINING COMPANY, Respondent.**

**No. 12291.**

United States Court of Appeals Fourth Circuit.

Argued Oct. 30, 1968.

Decided Dec. 2, 1968.

Leonard M. Wagman, Atty., N. L. R. B. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel and David C. Nevins, Atty., N. L. R. B., on brief), for petitioner.

John M. Miller, Martinsburg, W. Va. (Lacy I. Rice, Jr., and Rice, Hannis, Rice & Wagner, Martinsburg, W. Va., on brief), for respondent.

Before HAYNSWORTH, Chief Judge, and BOREMAN and WINTER, Circuit Judges.

PER CURIAM:

The National Labor Relations Board found that the Kingwood Mining Company engaged in certain unfair labor practices in violation of § 8(a) (1) of the National Labor Relations Act. 29 U.S.C.A. § 158(a) (1). It issued a cease and desist order and required the posting of appropriate notices.

■■ Substantial, though as to the threats sharply disputed, evidence supports the findings of improper surveillance and improper threats to employees. Since that is the limit of our inquiry, the Board's order, generally, is entitled to enforcement.

The company, however, complains of the breadth of the order. The trial examiner proposed an order requiring the company, *inter alia,* to cease and desist from "[i]n *any like or related manner* interfering with, restraining, or coercing its employees in the exercise of the rights guaranteed in Section 7 of the Act." (Emphasis added.) The Board enlarged the final order to require the company to cease and desist from "[i]n *any other manner* interfering with, restraining, or coercing its employees in the exercise of the rights guaranteed in Section 7 of the Act." (Emphasis added.) The claimed violations were neither numerous nor pervasive, and the company complains that violations having no resemblance to those found by the Board come under the proscription of the final order. Upon oral argument the Board urged enforcement of the broad order on the ground that it would institute contempt proceedings only if there were violations similar to the earlier threats or an actual execution of those threats. The Board argued that it would not pursue unrelated alleged violations of Section 7 rights in a contempt proceeding.

■ We think this argument fails for the reason stated in NLRB v. Simplex Time Recorder Co., 1 Cir., 401 F.2d 547.

"[T]he Board asks for despotic powers on the ground that it is benevolent. This is not the principle; a party, and the court as well, must be able to rely on the order itself." The broad order encompases activities which, as the Board concedes, should not expose the company to a contempt citation. Accordingly, we order enforcement of the recommended order of the trial examiner in lieu of the Board's broader one. In so doing, we understand that "like or related" violations will include later execution of the threats or similar ones.

Order modified in part and enforced.