**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**BOWMAN TRANSPORTATION, INCORPORATED, Respondent.**

No. 19552.

United States Court of Appeals Fifth Circuit.

March 1, 1963.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, P. M. Giesey, Atty., Stuart Rothman, Gen. Counsel, Elliott Moore, Attys., N. L. R. B., Washington, D. C., for appellant.

William M. Pate, Atlanta, Ga., for appellee.

Before JONES and BELL, Circuit Judges and GROOMS, District Judge.

PER CURIAM.

 The evidence in this case as presented to us is sufficient to warrant the conclusion of the Board that employee Mann was discharged for asserting a grievance to Respondent as to a working condition, while employee Reeves, the union president, was discharged for presenting the grievance on behalf of Mann. The conduct of Reeves after becoming president of the union may have been such as to warrant his discharge but this was not the reason given at the time of discharge. Gullet Gin Co. v. N. L. R. B., 5 Cir., 1950, 179 F.2d 499, modified with respect to remedy, 340 U.S. 361, 71 S.Ct. 337, 95 L.Ed. 337; and cf. N. L. R. B. v. Moss Planing Mill Co., 4 Cir., 1953, 206 F.2d 557. The right to assert grievances of the type in question here is accorded by § 7 of the National Labor Relations Act, and protected by § 8(a) (1) and (3) of the Act. 29 U.S.C.A. §§ 157, 158(a) (1) and (3).

Paragraph 1(b) of the order of the Board is unwarranted by the facts. It requires Respondents to cease and desist, in addition to the proscription regarding the specific violations found which are covered by other paragraphs, from in any manner interfering with, restraining or coercing its employees in the exercise of their rights under § 7 of the Act. There was no substantial evidence as to any anti-union animus. Respondent was organized throughout its system and the violations giving rise to this proceeding were in some measure caused by the unorthodox method in which Reeves, an inexperienced union president, handled himself in connection with his duties as president and in presenting grievances. In addition, the activity involved was relatively isolated when considered in the perspective of the over-all relation existing between Respondent and the parent union. The requirement of this paragraph is too broad under the circumstances. See May

Department Stores v. N. L. R. B., 1945, 326 U.S. 376, 66 S.Ct. 203, 90 L.Ed. 145.

The order will be enforced save as to the portion thereof contained in paragraph 1(b).

Enforced in part and denied in part.