## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## WINN–DIXIE STORES, INC., Respondent.

### No. 20444.

United States Court of Appeals
Fifth Circuit.

Nov. 4, 1965.

Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Dominick L. Manoli, Associate Gen. Counsel, N. L. R. B., Allen M. Hutter, Atty., N. L. R. B., Paul Elkind, Atty., N. L. R. B., Washington, D. C., for petitioner.

O. R. T. Bowden, David A. Bartholf, Jacksonville, Fla., for respondent.

Before JONES and BELL, Circuit Judges, and JOHNSON, District Judge.

PER CURIAM.

The National Labor Relations Board petitioned this court to adjudge the Respondent in civil contempt because of the alleged disobeyance of a decree entered by this court on December 13, 1963. That decree, entered pursuant to a petition to enforce an order of the Board, required Respondent, its officers, representatives and agents, inter alia, to cease and desist from:

"(a) Interrogating any of its employees regarding their union membership in, or activities on behalf of, any labor organization, or taking any affirmative action to determine who among its employees are or are not members of any labor organization, or seeking to induce any of its employees to withdraw from membership in a labor organization by solicitation and promises of benefit, or threatening to deny any of its employees privileges previously enjoyed by them for the purpose of discouraging membership in a labor organization.

\*   \*   \*   \*   \*   \*

"(c) In any other manner interfering with, restraining, or coercing its employees in the exercise of the right to self-organization, to form labor organizations, to join or assist Meat Cutters, Packinghouse and Allied Food Workers Union, Local 433, Amalgamated Meat Cutters and Butcher Workmen of North America, AFL-CIO, or any organization, to bargain collectively through representatives of their own choosing, and to engage in concerted activities for the purposes of collective bargaining or other mutual aid or protection, or to refrain from any and all such activities, except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment as authorized in Section 8(a) (3) of the Act."

Respondent's defense was two-fold. First, the acts complained of were denied. Second, it was asserted that the decree in question concerned employees in a different department of Respondent's operation, i. e., the meat and cheese processing department at the Jacksonville division warehouse, and not the employees here who were employed in the drug and houseware, grocery, and perishable departments of the same warehouse.

The court appointed a special master to take testimony and receive evidence with respect to the matter. He was directed to initially determine the issues of fact and of law raised by the pleadings and evidence and to submit a report to the court with recommendations. A report adverse to Respondent was duly filed and Respondent contends that its recommendations are not supported by clear and convincing evidence and again that the decree did not cover the activity that is the subject matter of the alleged contempt.

■ It is plain that the decree would encompass the same union and the same warehouse. We need go no further for those are the facts.[1]

■ We have carefully considered the evidence which was adduced before the special master. It establishes that various of the supervisory personnel of Respondent interrogated employees in the named warehouse departments regarding their union membership and activities to the end of seeking to determine those employees participating in union activity and to induce employees to withdraw from membership in the labor organization by solicitation and promise of benefits. There were also threats to deny current benefits. Moreover, this proof was clear and convincing. This activity amounted

1. See May Department Stores Co. v. N. L. R. B., 1945, 326 U.S. 376, 66 S.Ct. 203, 90 L.Ed. 145; N. L. R. B. v. Bowman Transportation, Inc., 5 Cir., 1963, 314 F.2d 497; and N. L. R. B. v. Moore Dry Kiln Co., 5 Cir., 1963, 320 F.2d 30, on the question of when a so-called board order should be enforced.

to interfering with, restraining and co-ercing employees in contravention of sub-paragraphs 1(a) and (c) of the order of the Board issued October 3, 1962, as enforced and incorporated in the decree of this court filed December 13, 1962. Accordingly, the Respondent is adjudged in civil contempt of this court.

 Such being the case, Respondent must immediately take the following action to purge itself of contempt:

1. Post in its Jacksonville division warehouse in each and every department thereof, including the meat and cheese processing, drug and houseware, grocery, and perishable departments in a conspicuous place for a period of sixty consecutive days copies of a notice signed by the president or a vice president of Respondent on behalf of Respondent stating that Winn-Dixie Stores, Inc. was adjudicated on the date hereof in civil contempt of the United States Court of Appeals for the Fifth Circuit for violating and disobeying a decree entered by the United States Court of Appeals for the Fifth Circuit under date of December 13, 1963. The notice must recite that Winn-Dixie Stores, Inc. will forthwith comply with said order and discontinue any activity in derogation of that order, and that Winn-Dixie Stores, Inc. specifically will not interrogate or in any manner interfere with, restrain or coerce its employees in the exercise of their rights to self-organization, to form a labor organization and to join or assist Meat Cutters, Packinghouse and Allied Food Workers Union, Local 433, Amalgamated Meat Cutters and Butchers Workers of North America, AFL–CIO.

2. Respondent is directed to file a report with this court within ten days from the date hereof stating that such notice has been posted, the places and times of posting, that it will be posted for sixty consecutive days, and that Respondent, its officers, representatives and agents will abide the decree of this court dated December 13, 1963. This report shall be sworn to by the officer of Respondent on behalf of Respondent who signed the notice referred to in Para-graph 1, supra, and shall state that it is made for and on behalf of Respondent. A copy of the report shall be sent simultaneously to the Director of the Twelfth Region of the National Labor Relations Board.

The prayer of the Board for attorneys fees is denied.