**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**HECK'S, INC., and Fred Haddad, its President, Respondent.**

No. 11390.

United States Court of Appeals Fourth Circuit.

Argued Nov. 7, 1967.

Decided Dec. 28, 1967.

Bernard M. Dworski, Atty., N.L.R.B. (Marcel Mallet-Prevost, Asst. Gen. Counsel, N.L.R.B., on petition), for petitioner.

Frederick F. Holroyd, Charleston, W. Va., for respondent.

Before BOREMAN and BUTZNER, Circuit Judges, and WOODROW W. JONES, District Judge.

BUTZNER, Circuit Judge:

The National Labor Relations Board petitioned this court to adjudge Heck's, Incorporated, and its president, Fred Haddad, in civil contempt for violating the court's decree entered June 13, 1967. The company and the Board consented to the decree, which provided in part:

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the said order of the Board be and the same is hereby enforced; and that the respondent, its officers, agents, successors and assigns abide by and perform the directions of the Board in said order contained."

The order of the Board directed the company, its officers and agents to:

"1. Cease and desist from:

"(a) Interrogating employees about their Union activities or the Union activities of other employees in a manner constituting interference, restraint and coercion within the meaning of Section 8(a) (1) of the Act.

"(b) In any like or related manner interfering with, restraining or coercing its employees in the exercise of their rights under the Act.

"2. Take the following affirmative action which appears necessary and appropriate to effectuate the purposes and policies of the Act:

"(a) Post at its 16th Street store copies of the notice attached hereto and marked 'Appendix.' * * * "

■ The company and its president defend on several grounds. The only defense we need consider is that the decree applied to the company's practices at its 16th Street store, and it did not apply to the stores where the alleged violations occurred. We think the company has established this defense and accordingly we deny the Board's petition.

The company operates ten stores. The Board's order followed the recommended order of the trial examiner. In the findings of fact upon which the trial examiner based his recommended order, he said the company " * * * is engaged in the retail sale of merchandise at various locations in the States of West Virginia, Ohio and Kentucky. It operates a retail store at 16th Street, Huntington, West Virginia, which is the only location involved in the instant proceeding." The Board's order does not state that it applies to stores other than the company's 16th Street, Huntington, West Virginia, store. Significantly the requirement to post a notice was limited to the 16th Street store. The order of this court simply refers to the Board's order, and consequently makes no reference to the stores to which it is applicable.

The Board charged that Heck's president and other officers and agents coerced employees in the exercise of their § 7 rights [29 U.S.C. § 157] in the company's Kanawha City and Clarksburg, West Virginia, stores. The Board does not charge any violation at the 16th Street, Huntington, West Virginia, store.

■ The Board can require an employer to cease unfair labor practices at all of its places of employment upon proof of a violation in one location. Heck's, Inc., 159 NLRB 104 (1966), aff'd sub nom., N.L.R.B. v. Heck's, Inc., 387 F.2d 65 (4th Cir., Dec. 6, 1967). Cf. N.L.R.B. v. Winn-Dixie Stores, Inc., 353 F.2d 76 (5th Cir. 1965). In this case, however, we are not concerned with the Board's power to make such an order. The question before us is whether the Board exercised its power. We are concerned with the breadth of the consent decree. The Board suggests that its procedure requires posting only at the store in issue in multi-store operations, but that the order applies to all stores. We find that we cannot give conclusive weight to this procedure. It has not been applied uniformly. Heck's, Inc., supra, involved an unfair labor practice at its Fifth Avenue, Huntington, West Virginia, store. Nevertheless the Board ordered the company to post copies of its notice at its warehouse and at all of its stores in two states.

■ Our reluctance to be guided by the Board's procedure is based, how-

ever, upon reasons more fundamental than lack of uniform application. We believe the scope of the decree should be limited to its specific terms. It should not be left to implication. Recently we have been reminded, "The judicial contempt power is a potent weapon. When it is founded upon a decree too vague to be understood, it can be a deadly one." International Longshoremen's Ass'n, Local 1291 v. Philadelphia Marine Trade Ass'n, 389 U.S. 64, 88 S.Ct. 201, 208, 19 L.Ed.2d 236 (1967). Rule 65(d), Fed. R.Civ.P., is applicable in reviewing a judgment enforcing an order of the National Labor Relations Board. Regal Knitwear Co. v. N.L.R.B., 324 U.S. 9, 13, 65 S.Ct. 478, 89 L.Ed. 661 (1945). The rule wisely requires that every order granting an injunction " * * * shall be specific in terms; shall describe in reasonble detail, and not by reference to the complaint or other document, the act or acts sought to be restrained * *." The Board's orders, no less than a court's, should conform to the rule. N.L.R.B. v. Express Publishing Co., 312 U.S. 426, 433, 61 S.Ct. 693, 85 L.Ed. 930 (1941).

The respondents, having consented to the decree, do not complain that it does not technically comply with Rule 65(d). Nevertheless the rule's salutory provisions furnish guidance in construing the decree. The trial examiner's observation that the proceedings were limited to the 16th Street store, and the Board's direction to post notices only at the 16th Street store, lead us to construe the decree to apply to the employer's conduct only at that store. The admonition contained in Regal Knitwear Co. v. N.L.R.B., 324 U.S. 9, 15, 65 S.Ct. 478, 482, 89 L.Ed. 661 (1945), is appropriate:

"Enforcement orders are issued to effectuate the purposes of the Act, not for the entrapment of parties, and courts no less than parties desire to avoid unwitting contempts as well as to punish deliberate ones."

The petition is denied.