**LOCAL 919, RETAIL CLERKS INTER-
NATIONAL ASSOCIATION, AFL-
CIO, Petitioner,**

v.

**NATIONAL LABOR RELATIONS
BOARD, Respondent.**

No. 21911.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 19, 1969.

Decided March 26, 1969.

Mr. Warren H. Pyle, Boston, Mass., of the bar of the Supreme Judicial Court of Massachusetts, pro hac vice, by special leave of court, with whom Messrs. S. G.

Lippman and George R. Murphy, Washington, D. C., were on the brief, for petitioner. Mr. Donald Grody, Washington, D. C., also entered an appearance for petitioner.

Mr. Robert A. Giannasi, Attorney, National Labor Relations Board, with whom Messrs. Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, and Marcel Mallet-Prevost, Asst. General Counsel, National Labor Relations Board, were on the brief, for respondent.

Before PRETTYMAN, Senior Circuit Judge, and McGOWAN and ROBINSON, Circuit Judges.

PRETTYMAN, Senior Circuit Judge:

The case now before us was originally one of four cases, consolidated here, involving the same order of the National Labor Relations Board. The other three cases were dismissed by order of the court upon an agreement of the parties.[1] The issues involved in those cases have thus been removed from the controversy before us. The remaining petitioner presses one issue.

Super Markets General Corp., doing business as Shop Rite, is the owner and operator of a chain of retail stores located in several of the middle-Atlantic states. Early in 1967 it organized and opened a store in Danbury, Connecticut. In routine procedures a union local[2] was chosen and certified as the bargaining representative of the employees at that store; a contract was negotiated by it and the Company, and was duly signed. That contract recited that it covered "all employees working in any and all present and future retail stores of any type" within the territorial jurisdiction of Local 282, the signatory local union. The contract also provided that as a condition of employment the employees in the defined unit (*i. e.*, any store within the jurisdiction of Local 282) acquire and maintain membership in Local 282. It also contained a clause requiring the Company to check off union dues of such employees.

Shortly after the foregoing the Company advertised for employees to staff a new store in Bridgeport, Connecticut, some twenty-two miles from Danbury. Successful applicants were given a folder containing personnel documents, among which were a card accepting membership in Local 282 and designating it as the chosen bargaining representative, and a card authorizing the Company to check off union dues. Company officials instructed prospective employees to fill out and sign all the documents in the folder.

Meantime another union, our present petitioner,[3] vigorously campaigned to organize the Bridgeport employees. The Company signed with Local 282 a contract covering the Bridgeport employees. Local 919 filed charges against the Company and Local 282. The crucial point in that dispute was whether the employees at the Bridgeport store were an enlargement, expansion or accretion to the Danbury group (theretofore certified as an appropriate unit) or constituted a new and independent group, entitled to its own bargaining agent. The rule is, of course, that a group or unit which is an expansion or enlargement of an existing group should be incorporated into existing facilities but that the employees in a new unit have their own rights in respect to a bargaining agent and the terms of their employment. To define and draw a line as a factual matter between an "accretion" and a "separate economic unit" is often a task of delicacy depending upon many factors. In the case at bar the examiner held extensive hearings and made findings upon the evidence which he took. The Board approv-

---

1. Docket Nos. 21968, 22033 and 22039. Order dated Jan. 16, 1969.

2. Retail Wholesale & Department Stores Union, AFL-CIO, and its Food Handlers Division, Local 282.

3. Local 919, Retail Clerks International Association, AFL-CIO.

ed his finding that the Bridgeport store was a new economic unit. Based upon that finding the Board held the Company and Local 282 to be guilty of unfair labor practices in impinging upon the rights of Bridgeport employees. It ordered both the Company and the Local to cease these practices and prohibited giving effect to the contract concerning the Bridgeport employees until and unless the signatory local (Local 282) was certified as the bargaining agent. The Board further ordered reimbursement of the dues and fees exacted from Bridgeport employees. As we have indicated, these conclusions are no longer in dispute.

■■ Our remaining petitioner (Local 919) says the Board erred in failing to order the Company and Local 282 not to apply the Danbury contract or to engage in bargaining at any future stores within the area covered by the agreement unless and until certified by the Board. In other words, it says the Board erred in restricting its present order to the Bridgeport situation. Some language in the Board's order might give rise to the argument that the Board did not really direct the order to the Bridgeport employees exclusively. But we construe the order as having been thus directed. We think the Board is entitled to particularize this area of its duties. Circumstances differ widely, and generalized proscriptions of future possibilities are frequently evaded. We find no error in this respect. However we caution that, while we hold this order properly applicable to the Bridgeport store as such (that is, to the facts before the Board), the holding is not to be construed as giving approval to similar activities by the Company or the Union elsewhere. In other words the Company and the Union might be held guilty of violating the law in another situation but not be guilty of contempt of this order.[4]

Let an order in accord with the foregoing be presented.

---

4. *Cf.* NLRB v. Heck's, Inc., 388 F.2d 668 (4th Cir. 1967).