**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**WINN–DIXIE STORES, INC., Respondent.**

No. 26743
Summary Calendar.

United States Court of Appeals
Fifth Circuit.

May 1, 1969.

———◇———

Marcel Mallet-Prevost, Asst. Gen. Counsel, Washington, D. C., Harold A. Boire, Director, Region 12, Tampa, Fla., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Paul Elkind, Michael F. Rosenblum, Attys., N. L. R. B., for petitioner.

O. R. T. Bowden, David A. Bartholf, Hamilton & Bowden, Jacksonville, Fla., for respondent.

Before BELL, THORNBERRY and AINSWORTH, Circuit Judges.

BELL, Circuit Judge:

■ Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I.

This petition to enforce involves an alleged violation of Section 8(a) (3) and (1) of the Act by Respondent in the discharge of employee Marshall Ethridge. 29 U.S.C.A. Section 158(a) (3) and (1). This employee was one of eight dischargees involved in a complaint against Respondent. The Trial Examiner concluded with respect to the other seven that the General Counsel had not established by a preponderance of the evidence that their discharges were in violation of the Act. The Board adopted the decision of the Trial Examiner and ordered the reinstatement of Ethridge with back pay.

The decision of the Board as taken from the decision of the Trial Examiner was that the reasons given by Respondent for the discharge of Ethridge were pretextual and that the real reason was because of union activity. We disagree and deny enforcement.

Ethridge was a former employee of Respondent and had been previously discharged. He was rehired some two years before the discharge here in question. He was employed in Respondent's Jacksonville, Florida warehouse. The reason given for the discharge, and which the examiner found to be pretextual, was that Ethridge was continuously late for work and because he went into another department to talk.

■ The decision of the Board could rest in part on respondent's anti-union animus. This is established by prior decisions involving Respondent and violations of the Act at the same warehouse. NLRB v. Winn-Dixie Stores, Inc., 5 Cir., 1963, 324 F.2d 502; NLRB v. Winn-Dixie Stores, Inc., 5 Cir., 1965, 353 F.2d 76; NLRB v. Winn-Dixie Stores, Inc., 5 Cir., 1966, 361 F.2d 512; In re Winn-Dixie Stores, Inc., 5 Cir., 1967, 386 F.2d 309. The decision could rest in part on the finding that Respondent knew a union organizing campaign was underway in its warehouse and that Respondent could have inferred that Ethridge was a participant in the movement. There was a factual basis for such an inference. But this knowledge of union activity and participation coupled with anti-union animus would not, standing alone, warrant the Board's decision. There must be something more to warrant the pretextual charge.

■ The Board's principal reliance has to be on the finding of the examiner that Ethridge had no record of being late for work except on the last day before his discharge and then, as Ethridge testified, he was only five minutes late. This would make a strong case if this finding was supported. It is, however, at this point that the case breaks down. Ethridge also testified that he was due at work at 5 or 5:30 P.M. and he thought that 5 o'clock was the correct hour. His

time card was introduced into evidence. Rather than being five minutes late, it shows that he was one hour and twenty minutes late. It also shows that he was late for work on the preceding five days. The examiner did not mention the time card and we must take the record as we find it. The finding that Ethridge had no record of being late for work except for five minutes on one day cannot stand in the face of the time card.

■ The decision of the Board has no substantial support otherwise in the record considered as a whole and thus it cannot be enforced. The Act does not insulate an employee from discharge. It is only when anti-unionism is the motive for the discharge that the Act is violated. The burden of proof is carried only when substantial evidence pointing toward the unlawful motive appears from the record taken as a whole. NLRB v. I. V. Sutphin, Co.-Atlanta, Inc., 5 Cir., 1967, 373 F.2d 891. That substantial evidence is lacking here.[1]

Enforcement DENIED.

---

1. The Board's motion to strike Exhibits A through E, contained in the brief of Re- spondent, on the ground that they were not introduced in evidence is granted.