### NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

### ESCO ELEVATORS, INC., Respondent.

#### No. 86–4054
#### Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 23, 1986.

---

Elliott Moore, Dep. Assoc. Gen. Counsel, N.L.R.B., Paul Spielberg, Atty., Washington, D.C., for petitioner.

Goins, Underkofer, Crawford & Langdon, Durwood D. Crawford, Dallas, Tex., for respondent.

Michael Dunn, Director, N.L.R.B., Fort Worth, Tex., for other interested parties.

Before RUBIN, REAVLEY and HILL, Circuit Judges.

REAVLEY, Circuit Judge:

When this case first came before us in 1984, we remanded it to the National Labor Relations Board (Board) for the limited purpose of determining "whether [Charles McKinney's] safety-related complaints constituted a union endeavor within the meaning of [*NLRB v. Laney & Duke Storage Warehouse Co., Inc.*, 369 F.2d 859 (5th Cir.1966); *NLRB v. Bowman Transportation, Inc.*, 314 F.2d 497 (5th Cir.1963); *Metal Blast, Inc. v. NLRB*, 324 F.2d 602 (6th Cir.1963) ] as opposed to a personal undertaking." *NLRB v. Esco Elevators, Inc.*, 736 F.2d 295, 300 (5th Cir.1984). Having reexamined the record on remand, the Board concluded that the complaints were a union endeavor and reaffirmed its prior remedial order. We grant enforcement of that order.

The scope of our review is limited: "we may deny enforcement of an order of the Board only 'if, after full review of the record, we are unable conscientiously to conclude that the evidence supporting the Board's decision is substantial.' " *NLRB v. Gulf States United Telephone Co.*, 694 F.2d 92, 95 (5th Cir.1982) (citations omitted). "When the board's findings are reasonable and supported by substantial evidence, a court will affirm them, though the court might well have made contrary findings if sitting *de novo.*" *Id.* (citation omitted).

Here, the Board was presented with the factual question of whether McKinney's safety complaints were a union activity. Two factors were critical to its decision. First, during his successful campaign for president of Local 21 some months earlier, McKinney had emphasized safety-related issues in his platform. From the testimony of Roy Boring, the Board concluded that Esco supervisors knew of McKinney's campaign platform and related it to his complaints about the hazard at Lakeland Manor. Second, in addition to his complaints to his supervisors, McKinney also notified other union officials of the problem. These officials then investigated the problem and

twice discussed with Esco management the need for correction of the problem.

These factors, coupled with the union's decision to pursue McKinney's complaint even after his discharge removed him from the dangerous area, substantially support the Board's conclusion that the complaints were not merely a personal undertaking, but rather part of McKinney's union campaign against unsafe conditions at the workplace. Furthermore, nothing in the record detracts from the Board's finding. We therefore agree that McKinney's discharge for his complaints violated § 8(a)(1) and (3) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1) and (3) (1982). Contrary to Esco's suggestion, we see no need to remand for additional testimony.

ENFORCEMENT GRANTED.