Filed:  August 8, 1997

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

-----

No. 96-1507
(CA-94-1911-MJG)

-----

Vaughn G., etc., et al,

Plaintiffs - Appellees,

versus

Walter G. Amprey, etc., et al,

Defendants - Appellants.

-----

O R D E R

-----

The Court amends its opinion filed July 8, 1997, as follows:

On page 3, first paragraph, line 5 -- the word "degrees" is corrected to read "de_crees."

For the Court - By Direction

/s/ Patricia S. Connor

-----

Clerk

UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

VAUGHN G., by his mother and next
friend, Diane G.; SAMMY J., by his
mother and next friend, Pauline J.;
MARVIN J., by his mother and next
friend, Gloria S.; JERRY L., by his
grandmother and next friend, Lillian
L.; JESSE W., by his mother and
next friend, Lena S., on behalf of
themselves and all others similarly
situated; DALE C., by his mother
and next friend, Linda W.; VERDON

W., by his mother and next friend,                  No. 96-1507
Rosalyn P.; MICHAEL P., by his
mother and next friend, Katherine
P.; NANCY S. GRASMICK,
Plaintiffs-Appellees,

v.

WALTER G. AMPREY, Superintendent
of Public Instruction; MAYOR AND
CITY COUNCIL OF BALTIMORE;
BALTIMORE CITY PUBLIC SCHOOLS,
Defendants-Appellants.

Appeal from the United States District Court

for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CA-84-1911-MJG)

Argued: June 2, 1997

Decided: July 8, 1997

Before MURNAGHAN and LUTTIG, Circuit Judges, and TILLEY, United States District Judge for the Middle District of North Carolina, sitting by designation.

_____

Vacated by unpublished per curiam opinion. Judge Luttig joins only in the judgment.

_____

**COUNSEL**

**ARGUED:** Abbey Gail Hairston, ALEXANDER, APONTE & MARKS, L.L.P., Silver Spring, Maryland; Paul Mark Sandler, FREISHTAT & SANDLER, Baltimore, Maryland, for Appellants. Jo Ann Grozuczak Goedert, OFFICE OF THE ATTORNEY GENERAL, Baltimore, Maryland, for Appellees. **ON BRIEF:** Koteles Alexander, ALEXANDER, APONTE & MARKS, L.L.P., Silver Spring, Maryland; Joseph John Coppola, FREISHTAT & SANDLER, Baltimore, Maryland; John M. Bryson, II, Edward C. Schweitzer, Jr., SHAW, PITTMAN, POTTS & TROWBRIDGE, Washington, D.C., for Appellants. Valerie G. Cloutier, OFFICE OF THE ATTORNEY GENERAL, Baltimore, Maryland; Winifred De Palma, Baltimore, Maryland; Lesie Seid Margolis, Steven Ney, MARYLAND DISABILITY LAW CENTER, Baltimore, Maryland; Edward I. Koren, Washington, D.C., for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The present case is the product of almost a decade long struggle between special education students in Baltimore City and the Balti-

2

more City Public School ("BCPS") system. Special education students in Baltimore City sued the BCPS alleging that special education students were not being provided sufficient services as required by federal and state law. The parties have entered into several consent decrees regarding BCPS's failure to comply with the law. The first was entered in 1988, and the parties have entered additional decrees as BCPS continues to be in noncompliance with federal law.

The 1992 decree required BCPS to create a computer tracking system to measure compliance with BCPS's timeliness in providing special education services. In addition, a court monitor was appointed to monitor compliance with the 1992 decree.

In addition, the district court maintained jurisdiction over the case to ensure compliance with the decree. Under the decree, educationally handicapped children in Baltimore City could petition the District Court for enforcement of the decree.

In 1994, BCPS was still not in compliance with the consent decree. The parties entered into a Stipulation and Order which created a Management Oversight Team ("MOT") which consisted of the State Superintendent of the Maryland State Department of Education ("MSDE"), Plaintiffs, and BCPS. The MOT was given the "authority to make, review and direct all decisions affecting compliance with the consent decree." If the MOT could not agree, the dispute would be submitted to the district court.

In April 1995, the parties entered into more consent decrees in which BCPS agreed it was still not in compliance. It further agreed to develop a new computer system. In addition, BCPS established the position of Administrator of Special Education which had the powers of the Superintendent with respect to special education.

Some employees in the Management Information Systems ("MIS") department objected to developing a new computer system, and the director of MIS refused to implement a new system. The Plaintiffs and the Maryland Department of the Education sought to fire the MIS director. The BCPS Superintendent refused. The issue was brought before the district court as required by the consent decree. Before the

3

district court ruled, BCPS agreed to remove the director of MIS and replace him with a person approved by all of the parties.

On March 6, 1996, the district court, <u>sua sponte</u>, without providing any notice to BCPS, issued a Cease and Desist Order. The order states:

> It appearing that a basis exists for such an Order:

> 1. Defendants Walter G. Amprey, Individually and as Superintendent [o]f The Baltimore City Schools, Baltimore City Public Schools, their respective agents and employees and all acting in concert with them shall, forthwith, cease and desist from threatening, intimidating, harassing or interfering with in any way the Court Monitor and all Management Information Systems personnel in connection with the performance of their duties relating to this Court's Orders and Decrees. . . .

The district court refused to provide BCPS with any information regarding what "basis exists."

On March 27, 1996, the district court held a conference at which time Plaintiffs presented evidence regarding a possible violation of the court's order with regard to the new MIS director. The district court ordered discovery into the possible violation.

The BCPS filed a Motion for Reconsideration and Stay of Proceedings requesting that the district court reconsider its order. The district court denied BCPS's request, but acknowledged that the order was issued <u>sua sponte</u> without notice. The district court also indicated that it had received a sealed affidavit and determined that the affidavit warranted the order. The court refused to disclose any information regarding the affidavit on confidentiality grounds.

The district court stated that Defendants were not entitled to notice and an opportunity to be heard since the order merely restated the obligations of the parties under orders and decrees already in force. Moreover, it stated that since the current order does not change the

4

status quo it is not the type of equitable relief to which procedural due process protections apply. BCPS appealed.

On April, 30, 1997, the district court rescinded the order because Walter Amprey was no longer Superintendent of Baltimore City Schools. The district court specified that the rescission was not nunc pro tunc. The Plaintiffs moved to dismiss arguing that the claim was now moot. However, since the order was not nunc pro tunc this Court denied the motion to dismiss.

DISCUSSION

BCPS alleges that the district court's order violated due process, and Rule 65 of the Federal Rules of Civil Procedure, because the order was issued without notice or an opportunity to be heard. Since we resolve the issue on statutory grounds, we need not reach the alleged constitutional violation.

Rule 65 governs the proper procedure for issuing preliminary injunctions and restraining orders. Rule 65(a)(1) provides that "no preliminary injunction shall be issued without notice to the adverse party." Moreover, Rule 65(d) provides that

> Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be spe-cific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action . . . .

Rule 65(d) applies to all "equitable decree[s] compelling obedience under the threat of contempt." International Longshoremen's Ass'n, Local 1291 v. Philadelphia Marine Trade Ass'n, 389 U.S. 64, 75 (1967); NLRB v. Heck's, Inc., 388 F.2d 668, 670 (4th Cir. 1967) (cease and desist order of NLRB must conform to Rule 65(d)). There-fore, since the Cease and Desist Order subjects BCPS and its employ-ees to contempt it is an injunction under Rule 65.

Plaintiffs argue that Rule 65 does not apply because the March 6, 1996 order was simply a restatement of previous orders. However,

5

this argument fails for several reasons. First, when the district court withdrew the order on April 30, 1997 it specified that "[t]his action is not nunc pro tunc to the issuance of the said Cease and Desist Order." The Cease and Desist Order thus still had binding effect from the date of entry until it was rescinded. The State of Maryland could still assert that BCPS violated the order from March 6, 1996 to April 30, 1997 and, if it did so, BCPS might be subject to contempt for any violation during that period.

In addition, the Cease and Desist Order was the basis for a possible contempt action by the court. The court ordered discovery into allegations that people may have violated the March 6, 1996 order. If the court believed that contempt proceedings could exist based on the March 6, 1996 Order, the Plaintiffs cannot now argue that the Order did not have binding effect.

Once we determine that Rule 65 applies in the instant case, we must determine whether the district court's action violated the rule. The court has strictly applied the terms of Rule 65 and has stated that the "terms are mandatory and must be observed in every instance." Alberti v. Cruise, 383 F.2d 268, 271-72 (4th Cir. 1967).

Since the Cease and Desist Order is an injunction for purposes of Rule 65, the district court must provide notice to the parties. The only exception in Rule 65 is for temporary restraining orders, and there is no assertion by any of the parties that the Cease and Desist order was a temporary restraining order. Therefore, the district court violated Rule 65 and should have provided notice to the parties before issuing the Cease and Desist Order.

Furthermore, in Consolidation Coal Co. v. Disabled Miners of So. W. Va., 442 F.2d 1261 (4th Cir. 1971), the court examined the issuance of an ex parte preliminary injunction issued without notice. The court determined that "[t]his was manifestly error, because Rule 65(a)(1) is explicit that `[n]o preliminary injunction shall be issued without notice.'" Id. at 1269, citing Fed. R. Civ. Proc. 65(a)(1).

Plaintiffs argue that the "practicalities and peculiarities" of the case warrant issuance of the order without notice. Specifically, they argue that "[g]iven the history of BCPS resistance, obstruction, and retalia-

6

tion directed at cooperative staff, the District Judge ha[d] a basis for limiting the information provided to the parties." It may be true that BCPS has not been cooperative, but the proper course would have been to hold BCPS or its Superintendent in contempt. The present case is certainly not exceptional enough to warrant an exception to Rule 65.**1**

Furthermore, the district court's action also violated subsection (d) of Rule 65. Rule 65(d) requires that the Cease and Desist Order set out in specific terms the reasons for its issuance.

The district court failed to set out in "specific terms" the reason for its issuance. It simply stated that "a basis exists" for the order. Later, the court informed the parties that a secret affidavit existed which justified the order. We grant deference to the district court in its factual findings regarding the federal rules, but the district court must provide the Court with some information to review its actions. The district court has failed to do so in the instant case.

The district court abused its discretion in issuing a Cease and Desist Order, without notice to the parties, and without setting forth the reasons for the order. The order is thus vacated.**2**

VACATED

---

**1** We recognize that the district court has exercised considerable patience and restraint regarding BCPS's continued violations of consent decrees; however, BCPS's disgraceful conduct does not excuse the issuance of an injunction without notice.

**2** We note that the district court already rescinded the order, but it did so "not nunc pro tunc." Thus the order is only in force from March 6, 1996 to April 30, 1997. We hold that the order was invalid and therefore was not properly in force during the above period.

7