## NATIONAL LABOR RELATIONS BOARD v. REGAL KNITWEAR CO.

### No. 181.

Circuit Court of Appeals, Second Circuit.

Feb. 15, 1944.

Millard Cass, of Washington, D. C., and Alvin J. Rockwell, and Robert B. Watts, Gen. Counsel, Howard Lichtenstein, Asst. Gen. Counsel, and Owsley Vose, and Edward E. Turkel, Attys., National Labor Relations Board, all of Washington, D. C., for the Board.

Edward J. Grenier and Conrad and Smith, all of New York City (Jacob I. Smith, of New York City, of counsel), for respondent.

Before L. HAND, AUGUSTUS N. HAND, and FRANK, Circuit Judges.

PER CURIAM.

The most important issue in this case is whether there was substantial evidence in support of the Board's finding that Jean Strackman was discharged because of her activity in unionizing the respondent's plant; and that in turn depends upon whether her testimony was so confused and contradictory that the Board was not justified in relying upon it. We assume for argument that testimony may be, upon the mere reading, so unconvincing as not to support a finding, but Strackman's testimony was very far from that; we find in it no more confusion as to details than is not uncommon in the stories of entirely honest and reliable witnesses. Whether we should have accepted her version of her interview with Israel or his, if we had heard both, is not to the point; her testimony would certainly have supported a verdict, and what will support a verdict will support a finding.

It is another question whether she was entitled to reinstatement as soon as it appeared that immediately after her discharge she got a job in "a defense plant." When the respondent's attorney started to cross-examine her about the wages she had been getting in that plant,

the examiner intervened and declared that "in so far as reinstatement of employees is concerned, the fact that substantially equivalent employment has been obtained will be assumed." That ended all inquiry as to the equivalence of the new job with the old. The fact that an employee when re-employed gets as high wages as before, need perform no more arduous work, and enjoys equivalent priorities, does not determine the appropriateness of an offer of reinstatement as a remedy. Phelps Dodge Corporation v. National Labor Relations Board, 313 U.S. 177, 61 S.Ct. 845, 85 L.Ed. 1271, 133 A.L.R. 1217. On the other hand, the court in that case declared that the Board must give its reasons for the exercise of its discretion in adopting reinstatement as an appropriate remedy, when the new employment is equivalent to the old from the point of view of the employee alone. See also Securities & Exchange Commission v. Chenery Corp., 318 U.S. 80, 63 S.Ct. 454. No reason appears in the Board's decision here for ordering the reinstatement of Strackman, such as appeared in National Labor Relations Board v. Van Deusen, 2 Cir., 138 F.2d 893, 895, and the order would have to be reversed in this particular and sent back for a statement of the Board's reasons, were it not for the following circumstance. After the decision in Phelps Dodge Corp. v. National Labor Relations Board, supra, 313 U.S. 177, 61 S.Ct. 845, 85 L.Ed. 1271, 133 A.L.R. 1217, the Board in Re Ford Motor Company, 31 N.L.R.B. 994, 1099, 1100, gave its reasons for holding an offer of reinstatement to be an appropriate remedy where an employee is discharged. The same reasons, whether they were good or bad, always exist whenever an employee is discharged for union activity, and it would be a barren formality to require their repetition in every case. Until the Supreme Court determines that more is necessary, we shall assume that the reasons for requiring reinstatement are always the same as were given, once and for all, in the Ford case, and that they need not be stated. They are that without the assurance that such offer will always be forthcoming, employees may hesitate fearlessly to exercise their rights, secured to them by the statute. Whatever we might think of this if the decision were ours, it is abundantly settled that we are not to interfere in such matters, to whose solution the Board is to be deemed to bring qualifications of training and insight not possessed by others—judges included.

The respondent complains of the order in certain other details; but, so far as we find it necessary to take any notice whatever of these, it is enough to refer to our decisions in National Labor Relations Board v. Blackstone Mfg. Co., 2 Cir., 123 F.2d 633, 635; National Labor Relations Board v. Standard Oil Co., 2 Cir., 138 F. 2d 885, 888.

An enforcement order will issue.