## NATIONAL LABOR RELATIONS BOARD v. BACHELDER.

### No. 7514.

Circuit Court of Appeals, Seventh Circuit.

Feb. 4, 1942.

Robert B. Watts, NLRB, of Washington, D. C., and I. S. Dorfman, NLRB, of Chicago, Ill., for petitioner.

W. C. Bachelder and Harold K. Bachelder, both of Indianapolis, Ind., for respondent.

Before EVANS, SPARKS, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

The respondent, W. C. Bachelder, Receiver for Hoosier Veneer Company, was ordered by the National Labor Relations Board to cease and desist from unfair labor practices; to offer to reinstate twelve employees found to have been discriminatorily discharged, and to pay them back

pay for the period from the time of discharge to the date of the offer of reinstatement, less earnings during such period; and to pay to two other employees a sum of money equal to that which they would normally have earned during a certain period mentioned in the order.

The Board filed its petition to enforce the order. Respondent resisted, asserting that the Board lacked jurisdiction, that the findings were not supported by substantial evidence, and that the order was invalid. This court modified the order and as modified decreed enforcement, 120 F.2d 574, certiorari denied, 314 U.S. ——, 62 S.Ct. 90, 86 L.Ed. ——.

The decree directed that W. C. Bachelder, Receiver for Hoosier Veneer Company, his agents, successors, and assigns, including Hoosier Veneer Company in the event the receivership is discharged, shall cease and desist from the unfair labor practices and that he take the affirmative action mentioned in the decree. On October 22, 1941, the respondent filed his petition to modify the decree (1) by striking out the words "successors, and assigns, including Hoosier Veneer Company in the event the receivership is discharged"; (2) by striking out all direction for re-employment and back pay; (3) by striking out the words "dismissing if necessary all employees hired since October 11, 1937"; (4) by striking out the names of seven of the employees found to have been discriminatorily discharged because they had been re-employed by respondent prior to the entry of the decree herein; (5) by striking the name of Toler, because his physical and mental condition renders him unfit for work; (6) by striking the names of Holyfield and Short, because their services are unnecessary; and (7) by striking out the name of Maynard because he refused re-employment.

■ The reason assigned for striking the words "successors, and assigns, including Hoosier Veneer Company in the event the receivership is discharged," is that the decree as now entered, operates as an injunction against one not subject to any enforcement decree. A mere change in name or in apparent control, where in fact there was no such change, would be no reason for striking from the decree the words "including Hoosier Veneer Company in the event the receivership is discharged." In

that event there would be no good faith successor or assign of the original company, and the latter would still be amenable to the decree. Whether there is a good faith successor or assign in this case we do not here decide. Under Southport Petroleum Company v. National Labor Relations Board, 62 S.Ct. 452, 86 L.Ed. ——, decided January 19, 1942, the place to try that question of fact is either before the Board, or before this court if and when a petition is filed here to show cause why the decree is not complied with.

■ However, the words "successors and assigns" in the decree connote good faith successors and assigns, and for that reason they should be and are hereby stricken.

■ The request to strike the names of the employees found to have been discriminatorily discharged will be denied. Changing circumstances do not make the Board's order moot, and the Board is entitled to an entry of a decree enforcing its order, even though the order has been obeyed, National Labor Relations Board v. Pennsylvania Greyhound Lines, Inc., 303 U.S. 261, 58 S.Ct. 571, 82 L.Ed. 831, 115 A.L.R. 307; Cudahy Packing Co. v. National Labor Relations Board, 8 Cir., 116 F.2d 367.

■ The request to amend the decree by striking out all direction for re-employment and back pay and by striking out the words "dismissing if necessary all employees hired since October 11, 1937" is in effect a petition for rehearing. It is denied.

The Board requests that the decree be amended by striking from paragraph 2(f) thereof the words "Order, etc." and substituting therefor the following:

"Decree, that he will take the affirmative action set forth in paragraphs 2 (a) through (e), inclusive, of this Decree; that respondent's employees are free to become or remain members of the United Veneer and Lumber Workers Local Industrial Union No. 607; and that respondent will not discriminate against any employee because of membership or activity in that organization; and maintain such notices for a period of at least sixty (60) consecutive days from the date of posting."

The request is granted.