## REGAL KNITWEAR CO. *v.* NATIONAL LABOR RELATIONS BOARD.

No. 86.   Argued December 8, 1944.—Decided January 29, 1945.

Mr. *John P. Chandler* submitted for petitioner.

Mr. *Malcolm F. Halliday*, with whom *Solicitor General Fahy, Mr. Alvin J. Rockwell* and *Misses Ruth Weyand* and *Fanny M. Boyls* were on the brief, for respondent.

MR. JUSTICE JACKSON delivered the opinion of the Court.

The National Labor Relations Board, after appropriate proceedings, issued a cease and desist order against the petitioner, 49 N. L. R. B. 560, and thereafter obtained from the Circuit Court of Appeals for the Second Circuit an order for its enforcement. 140 F. 2d 746. We granted certiorari, limited to a single question on which there was a conflict in practice between different circuits. 323 U. S. 692. The Board has followed the formula which orders not only a particular respondent, but also "its officers, agents, successors and assigns" to cease and desist. The question is whether enforcement will be granted without deleting "successors and assigns" from those enjoined. The Circuit Courts of Appeals for the First, Second, Third, Fourth, and Eighth Circuits, and the Court of Appeals for the District of Columbia have upheld the authority of the Board to include such a provision.[1] In some of these cases

---

[1] *Labor Board* v. *Brezner Tanning Co.*, 141 F. 2d 62, 65 (C. C. A. 1st); *Labor Board* v. *Blackstone Mfg. Co.*, 123 F. 2d 633, 635 (C. C. A. 2d); *Labor Board* v. *Weirton Steel Co.*, 135 F. 2d 494, 498–99 (C. C. A. 3d); *Labor Board* v. *Landis Tool Co.*, 145 F. 2d 152, 157

change of ownership was shown to be probable and in other cases there was no such proof. The Second Circuit, in refusing to delete the provision, said: "In allowing these words to stand we wish to make it clear, however, that we do not hold that a 'successor' or an 'assign' will be in contempt of our order if it should (even after notice of the order, but without participating with the respondent in any disobedience by it) do exactly those things which the order forbids. In other words, we do not hold that those words impose any liability which would not exist without them." *Labor Board* v. *Blackstone Mfg. Co.*, 123 F. 2d 633, 635; see also *Bethlehem Steel Co.* v. *Labor Board,* 120 F. 2d 641, 650–51 (App. D. C.). The Circuit Court of Appeals for the Seventh Circuit, on the other hand, consistently eliminates the provision as to successors and assigns from the order,[2] but recognizes that successors or assigns under some circumstances are bound by the Board's order, even without the words.[3]

When one court of appeals strikes out the provision but says its absence may in some circumstances have the same effect as if it were there, and another court of appeals approves the provision but says its presence may have no more effect than if it were out, there is more than a faint suggestion that the conflict is over semantics rather than over practical realities.

---

(C. C. A. 3d); *Labor Board* v. *Feinberg Hosiery Mill,* 134 F. 2d 620 (C. C. A. 4th); *Labor Board* v. *Gluek Brewing Co.,* 144 F. 2d 847, 857 (C. C. A. 8th); *Bethlehem Steel Co.* v. *Labor Board,* 120 F. 2d 641, 650–51 (App. D. C.).

[2] *Labor Board* v. *Bachelder,* 125 F. 2d 387, 388; *Labor Board* v. *Stone,* 125 F. 2d 752, 757. The Sixth Circuit has also refused in one case to include the phrase. *Labor Board* v. *Cleveland-Cliffs Iron Co.,* 133 F. 2d 295, 302.

[3] See also *In re Lennon,* 166 U. S. 548; *International Brotherhood of Teamsters* v. *Keystone Freight Lines,* 123 F. 2d 326, 329; *Labor Board* v. *Cleveland-Cliffs Iron Co.,* 133 F. 2d 295, 302.

The formula that includes successors and assigns, among others, is one probably borrowed from the jargon of conveyancing. Doubtless these words often are used, not out of consideration of their appropriateness, but because of their familiarity. Courts of equity sometimes have used this formula in their decrees.[4] Before the enactment of the Labor Relations Act the Federal Trade Commission issued orders containing these familiar provisions.[5] The Securities and Exchange Commission has done the same.[6] The Bituminous Coal Division of the Department of the Interior does likewise.[7] The National Labor Relations Board has employed this formula consistently since 1937,[8] and some state labor boards have followed the example.[9] Not only have circuit courts of appeals, except of the Seventh Circuit, generally enforced orders containing this provision, but this Court has several times done so. *Southport Petroleum Co.* v. *Labor Board,* 315 U. S. 100, 106, note 6.[10]

---

[4] See decrees in *United States* v. *Pullman Co.,* Civil Action No. 994, E. D. Pa. 1944; *United States* v. *Vehicular Parking, Ltd.,* Civil Action No. 259, D. Del. 1944; *Aluminum Colors, Inc.* v. *Empire Plating Co.,* 5 F. Supp. 687; *United States* v. *Great Lakes Towing Co.,* 1 Decrees and Judgments in Federal Antitrust Cases, 253–54 (N. D. Ohio, 1915); *United Gilpin Corp.* v. *Wilmore,* 100 Colo. 453, 456, 68 P. 2d 34, 35.

[5] *Matter of Superior Woolen Mills,* 8 F. T. C. 283, 288 (1924); *Matter of American Snuff Co.,* 11 F. T. C. 144, 160 (1927); *Matter of Sherwin-Williams Co.,* 36 F. T. C. 25, 72, 74 (1943).

[6] *Securities & Exchange Commission* v. *Aldrich Blake, Inc.,* 1 S. E. C. Jud. Dec. 19, 21.

[7] *Matter of Cove Hill Coal Co.,* 7 F. R. 7572, 7574; *Matter of Waltrip & Sons,* 7 F. R. 7864.

[8] *Matter of Hill Bus Co.,* 2 N. L. R. B. 781, 800.

[9] *Matter of The Great Atlantic & Pacific Tea Co.,* Case No. CU–333, New York State Labor Relations Board; *Matter of W. T. Grant Co.,* Case No. 82, Pennsylvania Labor Relations Board.

[10] Citing *Consolidated Edison Co.* v. *Labor Board,* 305 U. S. 197, enforcing, as modified, 4 N. L. R. B. 71, 108; *Labor Board* v. *Newport News Shipbuilding Co.,* 308 U. S. 241, enforcing 8 N. L. R. B. 866, 877;

The dearth of cases in which actual controversies have been precipitated by this more general than discriminating use of this ritual indicates that its significance both for good and ill is greater in anticipation than in retrospect.

Administrative agencies have considerable latitude to shape their remedies within the scope of their statutory authority and, where the infirmity is inadequacy of findings to show appropriateness of the choice made in the particular case, are ordinarily entitled to have the case remanded for further consideration. *Phelps Dodge Corp.* v. *Labor Board,* 313 U. S. 177, 194; *Addison* v. *Holly Hill Fruit Products,* 322 U. S. 607, 616. The courts, nevertheless, may not grant an enforcement order or injunction so broad as to make punishable the conduct of persons who act independently and whose rights have not been adjudged according to law. *Chase National Bank* v. *Norwalk,* 291 U. S. 431, 436–37; *Hitchman Coal & Coke Co.* v. *Mitchell,* 245 U. S. 229, 234; *Scott* v. *Donald,* 165 U. S. 107, 117; *Alemite Mfg. Corp.* v. *Staff,* 42 F. 2d 832.

The Federal Rules of Civil Procedure provide that: "Every order granting an injunction and every restraining order . . . is binding only upon the parties to the action,

---

*Labor Board* v. *Falk Corp.,* 308 U. S. 453, enforcing 6 N. L. R. B. 654, 666; *Labor Board* v. *Waterman Steamship Corp.,* 309 U. S. 206, enforcing 7 N. L. R. B. 237, 252; *Labor Board* v. *Link-Belt Co.,* 311 U. S. 584, enforcing 12 N. L. R. B. 854, 883; *Phelps Dodge Corp.* v. *Labor Board,* 313 U. S. 177, enforcing, as modified, and remanding 19 N. L. R. B. 547, 603.

It is suggested, at least inferentially, that *Labor Board* v. *Express Publishing Co.,* 312 U. S. 426, is authority against the position of the Court in the case at bar. However, the order there under review contained these same words. *Matter of Express Publishing Co.,* 13 N. L. R. B. 1213, 1226. While this Court limited the enforcement order in certain other respects, it did not strike the words "successors and assigns." The issue was not passed on, but its very absence from a case concerning permissible breadth of orders suggests the innocuous character of the provision as compared with that passed on in the Express case.

their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise."[11]   This is derived from the common-law doctrine that a decree of injunction not only binds the parties defendant but also those identified with them in interest, in "privity" with them, represented by them or subject to their control.   In essence it is that defendants may not nullify a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding.

The term "successors and assigns" in an enforcement order of course may not enlarge its scope beyond that defined by the Federal Rules of Civil Procedure.   Successors and assigns may, however, be instrumentalities through which defendant seeks to evade an order or may come within the description of persons in active concert or participation with them in the violation of an injunction. If they are, by that fact they are brought within scope of contempt proceedings by the rules of civil procedure. We have indicated that Labor Board orders are binding upon successors and assigns who operate as "merely a disguised continuance of the old employer." *Southport Petroleum Co.* v. *Labor Board,* 315 U. S. at 106.   We have also said of an injunction to restrain violation of the Fair Labor Standards Act, which is somewhat analogous to Labor Board orders, that "Not only is such an injunction enforcible by contempt proceedings against the corporation, its agents and officers and those individuals associated with it in the conduct of its business, but it may also, in appropriate circumstances, be enforced against those to whom the business may have been transferred, whether as a means of evading the judgment or for other reasons."

---

[11] Rule 65 (d), which is derived from § 19 of the Clayton Act, 38 Stat. 738; 28 U. S. C. § 383.

*Walling* v. *Reuter Co.,* 321 U. S. 671, 674. In both of these cases the reference is not merely to succession, but to a relation between the defendant and the successor which might of itself establish liability within the terms of Rule 65.

We do not undertake to decide whether or under what circumstances any kind of successor or assign will be liable for violation of a Labor Board order. It is true that we have said that "Questions of construction had better be ironed out before enforcement orders issue than upon contempt proceedings." (*J. I. Case Co.* v. *Labor Board,* 321 U. S. 332, 341.) But it is apparent from Rule 65, and from the views of one circuit court of appeals as to the narrow effect of the words in the order and of another as to the broad effect of the order without the words, that whether one brings himself in contempt as a "successor or assign" depends on an appraisal of his relations and behavior and not upon mere construction of terms of the order. If defendants enter upon transactions which raise doubts as to the applicability of the injunction, they may petition the court granting it for a modification or construction of the order. Cf. *New Jersey* v. *New York City,* 296 U. S. 259. While such relief would be in the sound discretion of the court, we think courts would not be apt to withhold a clarification in the light of a concrete situation that left parties or "successors and assigns" in the dark as to their duty toward the court. Enforcement orders are issued to effectuate the purposes of the Act, not for the entrapment of parties, and courts no less than parties desire to avoid unwitting contempts as well as to punish deliberate ones.

No concrete case is before us. We have here an abstract controversy over the use of these words, and it is as sterile as abstract controversies usually are. The employer objects to the words of the order merely as words. They do not enlarge its own obligation, and if

it complies with the order, little by way of obligation could be passed to a successor or assign by the order that is not in any event imposed by statute. The Board is not here attempting to reach or to hold anyone in contempt by virtue of such orders. No successor or assign appears before us complaining that these words put him in jeopardy. No one can be punished for contempt because of these words until after a judicial hearing, in which their operation could be determined on a concrete set of facts. All that is before us is the question whether we will hold abstractly that this provision is an illegal one to include in a cease and desist order of the Labor Board or an enforcement order of the Court.

Whether it is wise that an order attempt to define its own effect on others than parties to the action when the law has already done so is not for us to say. We cannot say that "successors and assigns" as well as "officers and agents" may not under some circumstances be among those reached by the order within the scope of Rule 65 and hence cannot say that it is not a permissible provision.

*Affirmed.*

MR. CHIEF JUSTICE STONE, dissenting, with whom MR. JUSTICE ROBERTS and MR. JUSTICE REED concur.

An injunction is a continuing threat to those named as subject to it, of the pains of contempt proceedings if they disobey its provisions. The opinion of the Court recognizes that the present injunction running against the employer's "successors and assigns" purports to include within its sweep some who are not subject to its command and is thus a threat to those over whom the Court has no authority. The opinion also admits that the persons who are bound by the present decree would be as effectively bound if the decree were to omit the words

"successors and assigns." See *Walling* v. *Reuter Co.*, 321 U. S. 671, 674–675, and cases cited.

It has long been deemed to be an abuse of power for a federal court to enjoin practices in which a defendant has not engaged and which are unrelated to those which may be properly enjoined. See *Labor Board* v. *Express Publishing Co.*, 312 U. S. 426, and cases cited. To me it seems no less a misuse of authority for a court, as well as for the Labor Board itself, to threaten those who are not subject to its command. This is the more so where the tendency of the threat is to inflict an unauthorized penalty on the employer by deterring third persons from dealing with him to acquire his property and business, in circumstances in which that may lawfully be done.

That there have been numerous cases before this Court where the Board's order has not been challenged in this respect, is significant only as showing how extensive the abuse has become and how ready employers and the lower courts have been to acquiesce in threatened wrong when the injury seemed not to be immediate. But these are not reasons for our acquiescence, when the question is brought to us for decision for the first time. It is no part of the function of the Board or of courts to make unwarranted threats against suitors or innocent third persons. Such misleading and unwarranted use of the phrase should be avoided, either by striking it from the decree or so qualifying it as to designate the class of "successors and assigns" to whom it may be lawfully applied. Cf. *Southport Co.* v. *Labor Board*, 315 U. S. 100, 107.