**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**Thomas PARRAN, Jr., t/a Silver Spring Transit Company and/or Suburban Transit Company, Respondent.**

**No. 7235.**

United States Court of Appeals Fourth Circuit.

Argued Oct. 5, 1956.

Decided Oct. 10, 1956.

Arnold Ordman, Atty., National Labor Relations Board, Washington, D. C. (Theophil C. Kammholz, Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Frederick U. Reel and Nancy M. Sherman, Attys., National Labor Relations Board, Washington, D. C., on brief), for petitioner.

S. Harrison Kahn, Washington, D. C. (David Jay Hyman, Washington, D. C., on brief), for respondent.

Before PARKER, Chief Judge, SOBELOFF, Circuit Judge, and BRYAN, District Judge.

PER CURIAM.

This is a petition to enforce an order of the National Labor Relations Board which directed one Thomas Parran, Jr., trading as Silver Spring Transit Company to bargain with a labor union as bargaining representative of his employees. Parran had acquired motor coach lines from the Oriole Motor Coach lines which on September 28, 1953 had been found guilty of unfair labor practices and ordered by the Board to bargain with the union. Parran had been in charge of Oriole's affairs since the preceding February and had assisted in carrying on in its behalf the negotiations with the union which the Board condemned as failure to bargain in good faith. Prior to the time of these negotiations he had arranged to purchase the franchise and equipment of Oriole, and was financing its operations pending the approval of the purchase by the Interstate Commerce Commission, which approval was given on August 10, 1953, and the purchase was consummated on September 21, 1953. Following the order to bargain issued against Oriole on September 28, 1953, the union called on Parran to bargain, but he refused to do so on the ground that as purchaser of the business he had no obligation to comply with the order.

■ The facts are fully set forth in the findings of the Trial Examiner, which are amply sustained by the evidence in the record and need not be repeated here. In adopting his recommendations the Board said:

"We agree with the Trial Examiner that Respondent Parran, as successor to Oriole is responsible for remedying Oriole's unfair labor practices. As bearing upon this responsibility, we note that, because of his status as a prospective purchaser, Parran's relation to Oriole prior to his acquisition of this Company was more that of an owner than of a mere general manager. Thus, Parran became manager of Oriole on February 25, 1953, and about 7 days thereafter a petition for approval of the sale of Oriole to Parran was filed with the Interstate Commerce Commission. It was during the pendency of this sale that Oriole committed the unfair labor practices here involved, in some of which Parran personally participated. Furthermore, Parran not only performed the duties of a general manager, he also financed to a substantial extent the operations of Oriole from his own personal funds.

"In view of the foregoing, and the entire record in the case, particularly the status of Parran as the prospective purchaser of Oriole at the time of Oriole's unfair labor practices and his active participation in such unfair labor practices, we agree with the Trial Examiner that Parran's conduct during his managership of Oriole was such that he may not as successor to Oriole refuse to remedy Oriole's unfair labor practices. We also agree with the Trial Examiner that Respondent Parran independently violated Section 8(a) (5) and 8(a) (1) of the Act [29 U.S. C.A. § 158(a) (1, 5) ] in case No. 5–CA–823 by refusing to bargain with the union during the certification year."

Under such circumstances there can be no question, we think, as to the correctness of the Board's orders. See Regal Knitwear Co. v. N. L. R. B., 324 U.S. 9, 65 S.Ct. 478, 89 L.Ed. 661; N. L. R. B. v. Blair Quarries, 4 Cir., 152 F.2d 25; N. L. R. B. v. Armato, 7 Cir., 199 F.2d 800. There is nothing to the contrary in Mount Hope Finishing Co. v. N. L. R. B., 4 Cir., 211 F.2d 365, where an entirely different situation was presented and the question related to the closing of a business in one section of the country and the opening of a business in an entirely different section.

■ Question is raised as to the jurisdiction of the Board on the ground that the interstate traffic did not amount to $100,000, as required by the policy adopted by the Board for assuming jurisdiction. The Board found, however, that the traffic amounted to more than $100,-000, and we cannot say that this finding is not supported by substantial evidence. Furthermore, interstate commerce was unquestionably involved to an extent that cannot be ignored as inconsequential; and, whether the Board requires a showing of $100,000, as in ordinary cases, was a matter of policy which would not justify interference on our part in the absence of abuse of discretion, and we cannot say that there was any such abuse.

■ It is argued that the Board was without jurisdiction because the Interstate Commerce Commission in approving the transfer of the Oriole lines did not prescribe as a condition that Parran should bargain with the union. No authority is cited to sustain this position and we know of none. The control of collective bargaining is vested in the Labor Board, not in the Interstate Commerce Commission.

The order of the Board will be enforced.

Order enforced.