William BALTZ, an individual, and Wonder Products Company, a corporation

v.

THE FAIR, an Illinois corporation.

No. 52 C 2134.

United States District Court
N. D. Illinois, E. D.
Nov. 5, 1959.

Hill, Sherman, Meroni, Gross & Simpson, Chicago, Ill., for plaintiffs.

Byron, Hume, Groen & Clement, Chicago, Ill., for defendant.

LA BUY, District Judge.

On July 16, 1957, the trial court entered Findings of Fact, Conclusions of Law, and a Judgment Order adjudging the plaintiffs patent to be valid and infringed. The complaint was brought against The Fair, a seller, alleging the sale of devices embodying the invention of the patent in suit, "to wit—No. 281 and other Rich 'Bounce-A-Way' spring suspended hobby horses"; Rich Industries, the manufacturer thereof, became a party defendant by undertaking the defense and filing answer.

On February 18, 1959, plaintiffs filed a petition for an order adjudicating respondents in civil contempt for violating the decree and injunction. The petition alleges, that The Fair disobeyed and disregarded the injunction and sold and is selling spring-suspended hobby horses manufactured by The De Luxe Game Corporation, which devices are substantially identical and the full equivalent of those found to infringe the patent; that De Luxe Game Corporation, with full knowledge of the injunction, aided, abetted and induced The Fair to disregard the injunction by agreeing to indemnify it and save it harmless for any damages resulting from an action for patent infringement and to defend it in any action brought for infringement by virtue of the sale of its hobby horses; that The Fair sold and offered for sale hobby horses manufactured by The Gong Bell Manufacturing Company which are the full equivalent of and substantially identical to those found to infringe the patent; that The Gong Bell Manufacturing Company, with full knowledge of the injunction aided, abetted and induced The Fair to disobey the injunction by agreeing to indemnify it from any damages ensuing from the sale of its devices; that Montgomery Ward, subsequent to the entry of the judgment and injunction, acquired a majority of the capital stock of The Fair, and participated in these violations with The Fair, its subsidiary.

Only the respondent, The Fair, has filed answer to said petition in accordance with the order of this court. None of the other respondents has filed an answer. The Fair admits the entry of the injunction, alleges service of the writ upon it on or about August 28, 1958, denies disobedience with the terms thereof, denies the sale of hobby horses manufactured by The Gong Bell Manufacturing Company, denies De Luxe Game Corporation aided, abetted or induced The Fair to violate the injunction, admits the existence of the indemnity agreement between them, but avers it is in accord with regular business practice, admits that

693

Montgomery Ward owns a majority of its capital stock and that it is a subsidiary thereof, but denies any privity with it for violation of said injunction.

The Fair has also filed a motion for summary judgment and for an order dismissing the petition for the reason (1) the only accused device in the above patent action was that manufactured by Rich Industries, who became a party to that action, and if The Fair has sold the device manufactured by said company, it could not have violated the injunction because Rich Industries is now plaintiffs' licensee; (2) by a stipulation between counsel in the patent action, which was not filed with the court, defendants understood and believed that the issues of the patent suit were limited and confined to the device manufactured by Rich Industries; and (3) there is pending a declaratory judgment suit brought by De Luxe Game Corporation against Wonder Products Company, one of the plaintiffs herein, for a declaration of non-infringement and invalidity of the patent.

The basic issue to be resolved is whether the respondents named in plaintiffs' petition are within the scope of the decree and injunction entered on July 15, 1957.

■ The Judgment Order recites as follows:

"That a perpetual injunction issue out of and under the Seal of this Court, directed to the defendants, Rich Industries, Inc. and The Fair, their associates, directors, officers, attorneys, clerks, agents, servants, workmen, representatives, confederates, privies, successors and all persons, firms, and corporations claiming by, through or under them, or in act of concert or participation with them, or under their authority, restraining and enjoining them and each of them, and they and each of them be and are hereby permanently enjoined and restrained from directly or indirectly making, using, selling or offering to sell, except under license from the plaintiffs, any spring-suspended hobby horses em-

bodying the inventions disclosed and claimed in either claim 1 or 2 of said Letters Patent Re. 23,849 or in any other way infringing thereon."

Rule 65(d), Federal Rules of Civil Procedure, 28 U.S.C.A., makes an injunction

"binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise."

Any terms included in an injunction which go beyond the language of Rule 65(d) cannot enlarge the proper scope of the injunctive order. Regal Knitwear Co. v. N. L. R. B., 1945, 324 U.S. 9, 14, 65 S.Ct. 478, 89 L.Ed. 661; Kean v. Hurley, 8 Cir., 1950, 179 F.2d 888, 890.

■ All persons who are in privity with parties to the litigation or who aid and abet such parties in disobeying the injunction are guilty of contempt of court if they have knowledge of the injunction although they are not named in the order granting the injunction or are not themselves parties to suit. Privity involves a person so identified in interest with another as to represent the same legal rights and who is therefore bound by the judgment adjudging such rights. Conversely, persons who are not parties to the injunction or in privity with them and whose rights have not been adjudicated therein are not bound by the decree in so far as it operates in personam and cannot be held liable for acts done contrary to its terms. Privity is not established merely because persons are interested in the same question or in proving the same set of facts or because the question litigated is one which might affect such other person's liability as a judicial precedent in a subsequent action.

■ The alleged indemnity agreements relating to the sale of another manufacturer's product does not make

such other manufacturer a party nor in privity with the defendant manufacturer, Rich Industries, even though such product may be the full equivalent of the patented device unless the product was furnished by the defendant manufacturer. Of course, by virtue of the indemnity agreements there is a privity between such other manufacturer and The Fair, but the agreement does not relate to the same device or subject matter found to infringe the patent in suit, and there exists no such identity of subject matter so as to render the judgment binding upon such other manufacturer. The decree upon which plaintiffs rely does not prevent another manufacturer from making or using the same identical thing. An adjudication between plaintiffs and The Fair and Rich Industries does not constitute a final adjudication as to other infringers and such infringement should not be heard or decided in a contempt proceeding. The remedy of injunction is strictly in personam and, unless a statute so authorizes, is not directed against property. It is a fundamental doctrine of the law that a party to be affected by a personal judgment must have his day in court and an opportunity to be heard, and even a previous finding of validity of a patent does not foreclose subsequent re-examination thereof and also of the question of infringement by another.

It appears there exists no controversy as to any material issue of fact which relates to the status or relation of the named respondents to the named defendants in the patent action, and the only question to be decided is whether, on the uncontroverted facts and accepting the truth of the allegations of plaintiffs' petition and other documents, the named respondents are within the scope of the injunction. The court is of the opinion that the named respondents are not in privity with the defendants either by relationship or by behavior.

An order has this day been entered dismissing the Petition for Civil Contempt.