STATE OF HAWAII, by WALTER T. YAMASHIRO, Director of the Office of Consumer Protection, Plaintiff-Appellant, *v.* MOTORISTS, INC., and CLARENCE N. S. SHAK, Individually and as an Officer of MOTORISTS, INC., Defendants-Appellees

NO. 7520

S. P. NO. 4466

SEPTEMBER 29, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from an order denying a motion to enforce the injunctive provisions of a consent judgment against Appellee Clarence N. S. Shak. We reverse and remand. On October 4, 1977, a consent judgment in favor of the State of Hawaii and against Motorists, Inc. and Clarence N. S. Shak was entered in the circuit court. That judgment enjoined the defendants from representing and advertising that they would provide certain benefits to motorists who received traffic citations, such as reimbursement of expenses incurred in the retention of attorneys and other court costs, without first supplying the Office of Consumer Protection with a certified audit by an independent certified public accountant showing the ability of Motorists, Inc. to meet its financial obligations. The injunc-

tion also provided that the defendants should advise all consumers in future advertisements concerning traffic counseling that the Supreme Court of the State of Hawaii had rejected their argument that the traffic citation system in the State of Hawaii is illegal. The facts shown in support of the application for a consent judgment established that Motorists, Inc. was operated by Appellee Shak who was its president.

A few months after the entry of the judgment, Shak organized a new corporation Transportation, Inc. and that corporation, which was operated solely by Shak, who was its president, placed advertisements in the newspapers and made representations to the public in the same manner that Motorists, Inc. had. It did not, in its promotional literature or advertisements, comply with the injunctive provision that it would inform the public that the Supreme Court of the State of Hawaii had rejected the argument that the traffic citation system of the State of Hawaii is illegal and it represented that it would reimburse persons receiving tickets for their costs, including attorney's fees, without posting a certified audit by an independent certified public accountant with the Office of Consumer Protection.

The State filed a motion to enforce the injunctive provisions against Appellees Shak and Transportation, Inc. However, only Appellee Shak was served with the motion. No service was made upon Transportation, Inc. A hearing was held at the close of which the court denied the motion stating that Clarence Shak had signed the consent judgment as president of Motorists, Inc. and not individually, that therefore, the question was not whether Transportation, Inc. was the alter-ego of Clarence Shak but whether Transportation, Inc. was the alter-ego of Motorists, Inc. and that that had not been shown by a preponderance of the evidence. The court thereupon dismissed the motion and the State appealed.

To begin with, Clarence N. S. Shak was a party to the prior proceeding and was a party enjoined by name, individually. The scope of the judgment is not affected by the fact that he did not sign the consent decree in his individual capacity. It was a judgment against him in a proceeding to which he was a party. He even signed an affidavit stating not only that he was authorized to execute the consent judgment on behalf of Motorists, Inc. but that he had read and understood the application, the statement of alleged violations

and the consent judgment. The judgment therefore was and is binding upon Clarence N. S. Shak individually.

The evidence establishes clearly that after the entry of the consent judgment, Motorists, Inc.'s financial plight deepened and early in 1978, it ceased to function. Clarence N. S. Shak thereupon formed Transportation, Inc. of which he was the sole active employee and resumed the same pattern of activity which had been enjoined by the judgment.

Rule 65(d), Hawaii Rules of Civil Procedure, provides that an injunction is binding

> only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

As the Supreme Court of the United States has stated with respect to Rule 65(d):

> This [rule] is derived from the common-law doctrine that a decree of injunction not only binds the parties defendant but also those identified with them in interest, in "privity" with them, represented by them or subject to their control. In essence it is that defendants may not nullify a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding.

*Regal Knitwear Co. v. N.L.R.B.,* 65 S.Ct. 478, 89 L.Ed 661, 324 U.S. 9 (1945).

The undisputed evidence here shows that Shak's operations through Transportation, Inc. were a clear attempt to nullify the decree by carrying out the prohibited acts through aiders and abettors, i.e. the new corporation which he had formed. It was therefore error for the court below to deny the motion as to Appellee Shak.

It would equally have been error, on the record below, for the court to have denied the motion with respect to Transportation, Inc. had Transportation, Inc. been made a party to the case by service of process upon it. It was not and therefore, the court lacked jurisdiction over the person of Transportation, Inc.

Reversed and remanded for further proceedings in accordance herewith.

*Ronald Shigekane,* for appellant.

*Clarence N. S. Shak,* appellee *pro se.*