Robert B. REICH, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

WESTERNER PRODUCTS, INC., a corporation and Richard Dekker, individually, Defendants.

No. CV 92–867 TUC WDB.

United States District Court, D. Arizona.

Oct. 21, 1994.

Jeanne Colby, U.S. Dept. of Labor, Office of the Solicitor, San Francisco, CA, for plaintiff.

Donald T. Awerkamp, Raven, Kirschner & Norell, P.C., Tucson, AZ, for defendants.

## ORDER

WILLIAM D. BROWNING, District Judge.

Pending before the Court are Defendants' Motion for Declaratory Relief and Plaintiff's Motion to Dismiss Motion for Declaratory Relief. For the following reasons, both Motions will be denied.

## ORDER AND OPINION

### I. *Facts and Procedural Background*

On December 18, 1992, Plaintiff's predecessor, Lynn Martin, filed a Complaint alleging that Defendant had violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, (1988) ("FLSA") by failing to pay overtime and failing to maintain employee work records. In November, 1993, the parties participated in a settlement conference, and on February 8, 1994 the parties stipulated to a Consent Judgment which this Court approved.

494

That Consent Judgment required Defendant to pay overtime compensation in the amount of $28,000 and liquidated damages in the amount of $8,000. The Judgment also enjoined Defendants' future conduct in the following manner:

(1) The defendants will not, contrary to Section 7 of the Act, employ any of their employees engaged in commerce or in an enterprise engaged in commerce or in the production of goods for commerce, as defined by the Act, for a workweek longer than forty hours unless the employee receives compensation for his employment in excess of forty hours at a rate not less than one and one-half times the regular rate at which he is employed.

(2) The defendants will not, contrary to Sections 11(c) and 15(a)(5) of the Act, fail to make, keep, and preserve records, as prescribed by the regulations duly promulgated under said Section 11(c), (29 CFR 516), showing the hours worked each workday and each workweek, the regular rate of pay, the basis upon which wages are paid, the total straight time earnings for each workweek, the total overtime excess compensation and other relevant identifying information pertaining to employees, with respect to their employees.

February 8, 1994 Consent Judgment.

Less than five months later, on June 27, 1994, Defendants filed a "Motion for Declaratory Relief" seeking a declaration that their "newly instituted Sales Technician Commission Program ["Commission Program"] is not in violation of the injunction." Defendants' Motion at 1. Essentially, the Commission Program pays installers on a commission rather than a wage basis. Plaintiff has not addressed the merits of this plan; rather, he contends that Defendants seek an advisory opinion, and that such an adjudication is best left to proceedings following an enforcement action.

## II. *Discussion*

### A. *Plaintiff's Motion to Dismiss Motion for Declaratory Relief.*

■ Initially, Plaintiff responded to Defendants' Motion for Declaratory Relief as if it were a Declaratory Judgment action, and filed a Motion to Dismiss on the grounds that Defendants lacked subject matter jurisdiction and had failed to state a claim. Defendants responded that they were instead seeking to clarify the injunction, by seeking a determination of whether the Commission Program violated the Court's injunction.

In his Reply, Plaintiff acknowledged the Court's jurisdiction to clarify or modify the injunction, and urged the Court to exercise its discretion to deny Defendants' Motion. Because Plaintiff has adopted Defendants' characterization of the Motion, and has abandoned his argument that the Motion be "dismissed," his Motion to Dismiss Motion for Declaratory Relief will be denied. All arguments raised by Plaintiff in his Motion will be considered as his opposition to Defendants' Motion for Declaratory Relief.

### B. *Defendants' Motion for Declaratory Relief.*

■ Defendants seek the Court's declaration that the Commission Plan does not violate the Court's injunction. They argue that if the Court declines to issue such a declaration, Westerner will be required "to act at its peril for an indefinite period of time," uncertain whether or when the Secretary of Labor might initiate an enforcement action. Defendants' Opposition to Plaintiff's Motion to Dismiss at 2. Further, Defendants cite cases which suggest that if an employer is unsure of the applicability of an injunction he ought to seek clarification or modification from the issuing court. *Id.* at 4–9 (citing *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 65 S.Ct. 478, 89 L.Ed. 661 (1945); *Donovan v. Sureway Cleaners*, 656 F.2d 1368 (9th Cir.1981)).

Plaintiff argues that a declaration that the Commission Plan is not in violation of the injunction is premature, because the Secretary has not initiated any enforcement action. Plaintiff notes that if Defendants were not subject to the injunction, they would be unable to seek a declaration of lawfulness under the Declaratory Judgment Act. Plaintiff's Motion to Dismiss at 4–6 (citing *United States v. Mitchell*, 445 U.S. 535, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980) (statutory authorization required to overcome sovereign im-

munity); *Usery v. Brandel*, 91 Lab.Cas. (CCH) ¶ 34,028, 1981 WL 2305 (W.D.Mich. 1981).

In *Brandel*, the court explained that the FLSA does not provide statutory authorization for a pre-enforcement challenge to potential action by the Secretary. Rather,

> the employer must wait until the Secretary of Labor decides whether he feels that there is a violation of the Act and commences action to enforce its provisions. Whether or not the Secretary has made a correct decision will be determined partly by the defenses raised by the employer in response to the Secretary's suit.

*Brandel*, 91 Lab.Cas. at 49,721 (citing *Wohl Shoe Co. v. Wirtz*, 246 F.Supp. 821 (D.C.Mo. 1965)). Plaintiff contends that Defendants should not be allowed to obtain, by summary proceeding, a judicial declaration of the legality of their actions in advance of the administrative determination intended by Congress. Plaintiff's Reply at 4–5 (citing *Floersheim v. Engman*, 494 F.2d 949 (D.C.Cir.1973) (clarification reserved for "rare and exceptional case"); *Velo–Bind v. Minnesota Mining & Manufacturing Co.*, 647 F.2d 965 (9th Cir. 1981) (court reluctant to engage in summary proceeding when case resembled declaratory judgment action)). The Court agrees.

■ 29 U.S.C. § 211 delegates to the Secretary of Labor the authority to "investigate such facts, conditions, practices, or matters as he may deem necessary or appropriate to determine whether any person has violated any provision" of the Fair Labor Standards Act. 29 U.S.C. § 211. The Court is mindful that " 'in cases raising issues of fact not within the conventional experience of judges or cases requiring the exercise of administrative discretion, agencies created by Congress for regulating the subject matter should not be passed over.' " *United States v. Western Pacific R.R. Co.*, 352 U.S. 59, 64, 77 S.Ct. 161, 165, 1 L.Ed.2d 126 (1956) (quoting *Far East Conference v. United States*, 342 U.S. 570, 574–75, 72 S.Ct. 492, 494–95, 96 L.Ed. 576 (1952)). The parties here agree that this is not a case involving exhaustion of administrative remedies or primary jurisdiction. Nonetheless, the Court concludes that determination of whether Defendants' Commission

Plan violates the Consent Judgment is best left, in the first instance, to Plaintiff.

Further, the Court is not persuaded by the dicta in *Regal Knitwear* and *Sureway Cleaners* cited by Defendants. In those cases, appellate courts suggested that issuing courts may exercise their discretion to clarify the terms of an injunction, but did not specifically address when such clarification would be appropriate. Moreover, the clarifications which might have been sought in those cases are distinguishable from the clarification sought in the instant case.

In *Regal Knitwear*, an employer challenged a cease and desist order issued by the National Labor Relations Board based on express language—"successors and assigns"—found in the injunction. The Supreme Court declined construction of the order, in part because the NLRB had not initiated any action to enforce it. *Regal Knitwear*, 324 U.S. at 16, 65 S.Ct. at 482. In *Sureway Cleaners*, the district court issued the injunction upon a specific finding that the employer's "agents" were actually employees. It might have been appropriate in that case, therefore, for the district court to revisit the issue to determine whether the employer's post-judgment contract altered that determination.

In the instant case, in contrast, Defendants seek to clarify neither the express terms of the injunction nor findings entered by the Court. Here, the Court approved a Consent Judgment entered by the parties. That Consent Judgment enjoins Defendants to follow the law. The classification of employees now suggested by Defendants had never been raised in this case, and has not been challenged by Plaintiff. The Court concludes that in this instance, where the issue of employee classification has never before been raised, Defendants "must wait until the Secretary of Labor decides whether he feels that there is a violation of the Act and commences action to enforce its provisions," and raise their arguments in defense. *Brandel*, 91 Lab.Cas. at 49,721.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's August 1, 1994 Mo-

tion to Dismiss Motion for Declaratory Relief is DENIED. IT IS FURTHER ORDERED that Defendants' June 27, 1994 Motion for Declaratory Relief is DENIED.