**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1749EM

_____

| | |
|---|---|
| Independent Federation of Flight Attendants; Barry Schimmel; Flip Becker; Terry Fitzgerald; Jerry Giustiniani; Sheila McCann; Terry Bradley; Jason Motley, | * <br> * <br> * <br> * <br> * <br> * |
| Plaintiffs-Appellees, | * <br> * |
| v. | * <br> * |
| Sherry Cooper; | * <br> * |
| Defendant, | * <br> * |
| International Association of Machinists and Aerospace Workers, AFL-CIO, Lodge 142; | * <br> * <br> * <br> * |
| Defendant-Appellant, | * <br> * |
| International Association of Machinists and Aerospace Workers, AFL-CIO, | * Appeals from the United States <br> * District Court for the Eastern <br> * District of Missouri. <br> * |
| Defendant. | * |

_____

No. 97-2505EM

_____

| | |
|---|---|
| Independent Federation of Flight Attendants; Barry Schimmel; Flip | * <br> * |

Becker; Terry Fitzgerald; Jerry        *
Giustiniani; Sheila McCann; Terry      *
Bradley; Jason Motley,                 *
                                       *
            Plaintiffs-Appellees,      *
                                       *
        v.                             *
                                       *
Sherry Cooper; International           *
Association of Machinists and          *
Aerospace Workers, AFL-CIO,            *
Lodge 142;                             *
                                       *
            Defendants,                *
                                       *
International Association of Machinists *
and Aerospace Workers, AFL-CIO,        *
                                       *
            Defendant-Appellant.       *

_____

Submitted:  December 8, 1997
Filed: January 26, 1998
_____

Before FAGG, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

FAGG, Circuit Judge.

The International Association of Machinists and Aerospace Workers, AFL-CIO (IAM) and IAM District Lodge 142 (Lodge 142) appeal the district court's orders holding them in civil contempt. At the time the contempt orders were entered, the IAM and Lodge 142 were no longer parties to the underlying action. The district court

found, however, that the IAM and Lodge 142 had aided and abetted a violation of a preliminary injunction by the remaining defendant, Sherry Cooper. Cooper's contempt

order is not before us, but orders of civil contempt against nonparties are final and appealable. See United States v. Pfizer Inc., 560 F.2d 326, 332 n.10 (8th Cir. 1977). Because the record lacks sufficient evidence the IAM and Lodge 142 acted in concert with Cooper, we reverse.

This appeal has its origins in the IAM's drive to replace the Independent Federation of Flight Attendants (IFFA) as the collective bargaining agent for Trans World Airlines's flight attendants. The IAM had an ally in Cooper, the IFFA's president, who supplied the IAM with a flight-attendant address list and encouraged TWA's flight attendants, in an IAM mailing, to sign IAM authorization cards. After these actions, the IFFA sued Cooper, the IAM, and Lodge 142 on a variety of claims. The IFFA secured a temporary restraining order--later converted into a preliminary injunction--against the three defendants, blocking use of the address list and Cooper's further assistance of the IAM.

The IAM and Lodge 142 decided to submit their representation dispute with the IFFA to the National Mediation Board (NMB), which is authorized under the Railway Labor Act to resolve such disputes. See 45 U.S.C. § 152, Ninth (1994). Having done so, the IAM and Lodge 142 moved in the district court for judgment on the pleadings, contending the IFFA's claims against them were within the exclusive jurisdiction of the NMB. The district court granted the motion and dismissed the IFFA's claims against the IAM and Lodge 142. The IFFA's separate appeal of the district court's ruling has been submitted to this panel. The district court also dissolved the preliminary injunction against the IAM and Lodge 142, but reiterated that Cooper "and all persons acting in concert with her" were still enjoined from using the flight-attendant address list and from assisting the IAM in its representational dispute with the IFFA.

A few days later, Cooper handed out copies of a letter criticizing the IFFA to TWA flight attendants at Saint Louis's Lambert International Airport. A copy of

Cooper's letter was faxed to the IAM by Ron Smothers, a friend of Cooper's and an IAM supporter. The IAM, which was in the midst of its organizing campaign, reproduced Cooper's letter and mailed copies to all TWA flight attendants, using the address list Cooper had supplied. In response, the IFFA moved for a civil contempt order against Cooper and the IAM. The district court held an evidentiary hearing on the motion. Cooper testified that when she saw Smothers at the airport, he already had a copy of her letter in his hand. Consistent with this testimony, the cover sheet on Smothers's fax to the IAM read: "I just ran across this and thought you may want to see it." Cooper also testified neither she nor Smothers said anything to one another about sending the letter to the IAM. Cooper and her attorney both testified they had no communications with the IAM or its representatives concerning Cooper's letter. All of this testimony was uncontradicted.

Following the hearing, the district court entered an order of civil contempt against Cooper and Lodge 142 (but not the IAM), finding Cooper had violated the injunction and Lodge 142 had aided and abetted her violation. In a separate ruling, the district court ordered Cooper and Lodge 142 to pay the IFFA $20,226.59 for the costs of bringing the contempt motion and conducting a responsive mailing. Lodge 142 filed a timely notice of appeal, and the IFFA asked the district court to amend its orders to identify the IAM as the contemnor. Instead of substituting the IAM for Lodge 142, the district court issued an order nunc pro tunc adding the IAM as a contemnor but retaining Lodge 142 as well. The IAM then noticed an appeal, which was consolidated with the appeal of Lodge 142.

"The contempt power is a most potent weapon, and therefore it must be carefully and precisely employed." Mahers v. Hedgepeth, 32 F.3d 1273, 1275 (8th Cir. 1994). Thus, although we review both the grant and the denial of a contempt order for abuse of discretion, see Wright v. Nichols, 80 F.3d 1248, 1250 (8th Cir. 1996) (reviewing contempt order); Wycoff v. Hedgepeth, 34 F.3d 614, 616 (8th Cir. 1994) (reviewing denial of contempt), we review an order of contempt more searchingly, see Mahers,

32 F.3d at 1275. The IFFA bears the burden of proving facts warranting a civil contempt order by clear and convincing evidence. See id. at 1274; Travelhost, Inc. v. Blandford, 68 F.3d 958, 961 (5th Cir. 1995).

By the time of the events at issue in this appeal, the IAM and Lodge 142 had been dismissed from the lawsuit. Federal Rule of Civil Procedure 65(d), however, provides that an injunction or restraining order binds "parties to the action, their officers, agents, servants, employees, and attorneys, and . . . persons in active concert or participation with them who receive actual notice" of the court's order. Under Rule 65(d), a nonparty with actual notice may be held in contempt where the nonparty aids or abets a named party in a concerted violation of a court order. See Rockwell Graphic Syss., Inc. v. DEV Indus., Inc., 91 F.3d 914, 919 (7th Cir. 1996); Reliance Ins. Co. v. Mast Constr. Co., 84 F.3d 372, 376-77 (10th Cir. 1996); Gemco Latinoamerica, Inc. v. Seiko Time Corp., 61 F.3d 94, 98 (1st Cir. 1995). The "essence" of this rule "is that defendants may not nullify a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding." Regal Knitwear Co. v. NLRB, 324 U.S. 9, 14 (1945). The question we must answer, then, is whether the evidence clearly and convincingly establishes that the IAM, Lodge 142, or both acted in concert with Cooper to circumvent the district court's order forbidding Cooper to assist the IAM or to use the flight-attendant address list.

As the IFFA readily agrees, Lodge 142 is in this appeal by mistake. No evidence links Lodge 142 with the mailing of Cooper's letter. The IAM mailed Cooper's letter, using the flight-attendant address list as it was free to do. Although the IFFA defends the district court's aiding-and-abetting finding against the IAM with hints and suggestions--Cooper was an IAM supporter, the IAM was paying for Cooper's legal representation, the attorneys for Cooper and the IAM had talked about the injunction-- the IFFA introduced no evidence the IAM's distribution of Cooper's letter involved concerted action between the IAM and Cooper. The record reveals three independent acts. First, Cooper wrote the letter and handed it out at the St. Louis

airport. Second, Smothers found a copy and faxed it to the IAM. Third, the IAM reproduced and mailed the letter to TWA's flight attendants. There is no evidence the IAM ever offered to help Cooper conduct a flight-attendant mailing. There is no evidence Cooper and the IAM ever communicated about the letter in any way, either directly or through counsel. Finally, there is no evidence Cooper made any effort to place her letter in the IAM's hands. The IAM received the letter from Smothers, not Cooper. See United Pharmacal Corp. v. United States, 306 F.2d 515, 518 (1st Cir. 1962) (finding no concerted action and thus vacating contempt order against nonparty B, where A was enjoined from selling drug and B sold drug after obtaining it from a source other than A). In sum, we conclude there was no basis to find that either the IAM or Lodge 142 acted in concert with Cooper to help her violate the district court's preliminary injunction.

We reverse the district court's orders holding Lodge 142 and the IAM in contempt. The district court's order awarding $20,226.59 in costs to the IFFA shall be modified to exclude Lodge 142 and the IAM from liability.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.