FEDERAL TRADE COMMISSION,
Plaintiff—Appellee,

v.

ENFORMA NATURAL PRODUCTS,
INC., Defendant—Appellant,

and

Andrew Grey, et al., Defendants.

No. 00–56942.
D.C. No. CV–00–04376–JSL.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 8, 2002 *.

Decided Feb. 12, 2002.

Before ARCHER,** O'SCANNLAIN,
and SILVERMAN, Circuit Judges.

MEMORANDUM ***

Enforma Natural Products appeals the district court's denial of its motion for construction and modification of the stipulated final order pursuant to Fed.R.Civ.P. 60(b). Because the facts are known to the parties, we will not recite them in detail except as necessary. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion in denying Enforma's Rule 60(b) motion. *See Export Group v. Reef Indus.*, 54 F.3d 1466, 1469 (9th Cir.1995). Rule 60(b) of the Federal Rules of Civil Procedure permits relief from a judgment or order for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Enforma argues that the FTC letters created a changed circumstance that compelled the district court to modify or clarify the stipulated final order. We disagree. Enforma has made no showing under Fed. R.Civ.P. 60(b)(5) that there has been a significant change in factual conditions such that it is no longer equitable that the judgment have prospective application. *See Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 383–84, 112 S.Ct. 748,

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Glenn L. Archer, Jr., United States Court of Appeals for the Federal Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

**350**

116 L.Ed.2d 867 (1992). Nor has Enforma given any other reason justifying relief from the judgment pursuant to the other provisions of Fed.R.Civ.P. 60(b).

We decline the invitation to opine on whether a particular retailer could be held in contempt pursuant to the scope of the stipulated final order because that issue is not before us at this time. *See Regal Knitwear Co. v. National Labor Relations Board,* 324 U.S. 9, 15–16, 65 S.Ct. 478, 89 L.Ed. 661 (1945) ("No concrete case is before us. We have here an abstract controversy over the use of these words, and it is as sterile as abstract controversies usually are.").

AFFIRMED.